### C. W. PARKER v. J. B. FENWICK and wife.

(Filed 29 April, 1908).

1. **Deeds and Conveyances—Title to Wife—Fraud on Creditors— Burden on Wife — Husband Indebted to Wife — Intent to Defraud—Questions for Jury.**

   In an action to subject the real property of the wife to payment of her husband's debt, upon the ground that he had supplied the purchase price, had negotiated for the purchase of the land and had title made to the wife pending plaintiff's suit for the collection of a debt, there was evidence upon the one hand tending to show that the wife had received the money from an independent source, the husband had borrowed it and while insolvent had paid the purchase price for the land in repayment of the money borrowed; upon the other hand, that the male defendant had declared he would not pay plaintiff's debt, and that the purchase money paid for the land was his own and received from his sister's estate: *Held*, (1) the burden of proof was upon *feme* defendant to show that her husband owed her a valid debt as contended, and one for which she could maintain an action and enforce payment; (2) that, notwithstanding the debt was valid, if the transaction was made with the intent to hinder, delay or defraud the plaintiff in the recovery of his debt, participated in by the wife, or she knew of this purpose, her deed would be void; (3) that it was for the jury to find the facts under the evidence and correct instructions from the court.

2. **Same — Verdict of Jury — No Fraud Found — Wife's Notice or Knowledge Eliminated.**

   In a suit brought by the husband's creditors to set aside for fraud a deed made to the wife, when the jury has found that the husband has paid the purchase price of lands to which he had directed title to be made to his wife as a repayment to her of moneys he had borrowed, without intent to hinder, delay or defraud his creditors, the question of notice or knowledge of the wife is eliminated.

3. **Deeds and Conveyances—Deed to Wife—Fraud on Creditors— Declarations, When Competent.**

   The declarations of a husband affecting the validity of a deed made under his directions to his wife and attacked by his creditors upon the ground of fraud are competent evidence when made before the transaction and incompetent when made thereafter, as to the rights of the wife.

ACTION tried before *Moore, J.,* and a jury, at September Term, 1907, of FORSYTH.

Plaintiff appealed.

This action was brought by plaintiff against defendant J. B. Fenwick and his wife, Katherine, for the purpose of subjecting certain real property, or a portion of the purchase money paid therefor, to the payment of a judgment recovered against the male defendant. The pleadings and verdict of the jury disclose the following facts:

Plaintiff recovered a judgment against defendant Fenwick for $625 on 11 September, 1905. While the action in which said judgment was rendered was pending plaintiff sued out and levied upon a house and lot in Salem, N. C., a warrant of attachment. The property was conveyed by W. H. Clinard to the *feme* defendant, 15 February, 1904, in consideration of $1,200. Of this amount $725 was paid by the *feme* defendant and $500 borrowed by her from the Wachovia Loan and Trust Company, secured by mortgage. The property was by an arrangement made between the parties sold and the mortgage debt paid. The balance of the purchase money, some seven hundred dollars, is held by James S. Dunn to await the determination of this action. The plaintiff alleges that the $700 paid was the property of the male defendant and was transferred to his wife with intent to defraud plaintiff, and that his intent and purpose were known to and participated in by her. The jury found that at the time the money was paid to *feme* defendant her husband was insolvent. The jury found against plaintiff on the allegation of fraud. For the purpose of establishing this allegation plaintiff introduced evidence tending to show declarations of Fenwick made to the receiver of certain property involved in the first suit that he expected to get some money from his father's estate; that he did not intend to pay plaintiff's debt; "that he was going to put the money where they could not get it"; that during the month of February, 1904, Mrs. Fenwick deposited

in bank sums aggregating about $1,200; that defendant Fenwick received from his sister's estate about $1,200, which he turned over to his wife; that this was the same money deposited by Mrs. Fenwick; that defendant Fenwick contracted for the purchase of the house, Clinard not knowing Mrs. Fenwick in the transaction; that the deed was made to her by his direction.   Plaintiff offered to introduce certain letters written by Fenwick to Dunn, who had the property in charge for the purpose of renting, bearing date from 1 May to 10 July, 1905.   These letters, upon Mrs. Fenwick's objection, were excluded.   Plaintiff excepted.

Defendants introduced evidence tending to show that Mrs. Fenwick received from her husband's father $550 as a bridal present; that she made some $480 from a store which she owned and conducted and some $300 saved out of money given her for family expenses by dispensing with servants and doing her own work; that Fenwick borrowed from his wife $1,200 and repaid same from amount received from his sister's estate.   Both defendants testified in regard to these transactions.   They also testified that the amount deposited in the bank by Mrs. Fenwick was the same money paid her by her husband in discharge of the amounts borrowed; that the $725 paid on the purchase money of the house by Mrs. Fenwick was derived from this source.   There was evidence tending to contradict defendants' testimony.

Plaintiff requested the court to instruct the jury to answer the issue in regard to the alleged fraud "Yes."   This was refused and plaintiff excepted.

The court instructed the jury: "If you find from the evidence the $725 or any other amount which you may find of the purchase price of this property was contributed by J. B. Fenwick and title to the property taken in the name of his wife, Katherine Fenwick; and you further find that at the time J. B. Fenwick was owing this plaintiff this debt, the law presumes that this transfer of money to the defendant

Katherine Fenwick was voluntary and void as to this plaintiff, and Katherine Fenwick must satisfy you by a preponderance of this evidence that her husband actually owed her a debt."

The court gave the following prayer in response to the request from the defendants: "If the jury find from the evidence that at the time at which J. B. Fenwick turned over to his wife the money coming to him from Maryland he owed his wife an amount equal in amount of that placed in the bank to her credit, and this was done as a payment of a debt really due his wife, he had a right to pay this debt to the exclusion of other debts, and the transfer, if in good faith and with no intent to defraud, would be valid, and in such case the wife's deed would be good as against plaintiff, and the third issue should be answered 'No' and the fourth issue 'No.' " Plaintiff excepted to these instructions.

His Honor explained the matters in controversy to the jury and charged them at length in regard to the general principles of law applicable thereto. Plaintiff noted exceptions to portions of the charge pertaining to other issues, which, in view of the answer to the one directed to the allegation of fraud, are immaterial. The court rendered judgment for the *feme* defendant upon the verdict. Plaintiff excepted and appealed.

*L. M. Swink* for plaintiff.
*Watson, Buxton & Watson* for defendants.

CONNOR, J. The plaintiff's right to recover was dependent upon sustaining his averment that the defendant Fenwick transferred the amount received from his sister's estate to his wife voluntarily or, if in payment of an indebtedness, with an actual intent on his part, known to her, to defraud his creditors. It was shown that defendant Fenwick owed plaintiff $625 and that he was insolvent at the time the money was transferred or, as he claims, paid to his wife. These conditions imposed upon the *feme* defendant the burden of show-

PARKER *v.* FENWICK.

ing that her husband owed her a valid debt—one for the recovery of which she could have maintained an action against him and enforced payment—and that the money was received by her in discharge of said debt. *Satterwhite v. Hicks,* 44 N. C., 106, and many other cases. This is too well settled and too consistent with reason and common honesty to require the citation of authority. His Honor so instructed the jury, and in the general instruction further said: "If the jury shall find from the evidence that J. B. Fenwick was insolvent and was owing the plaintiff $625 and interest, that the plaintiff had a suit pending in this court for the collection of his debt, and under such circumstances transferred this money to his wife in payment of his debt to her, but with intent to hinder, delay or defraud the plaintiff in the recovery of his debt, the wife participated in this purpose of his, or if she knew it was being done by him to hinder or delay the plaintiff in collecting his debt, then this transfer would be fraudulent, even though he actually owed his wife the money." This, we think, measures up to the standard required by the law. The other phase of the question is presented by the charge given in response to the request of defendant. The jury having found that Fenwick did not contribute the $725 to the purchase of the property with intent to hinder, delay or defraud his creditors, no question of notice or knowledge on the part of his wife arose. We do not well see how his Honor could have instructed the jury, as a matter of law, to answer the issue for the plaintiff. If Mrs. Fenwick received the amount claimed as a bridal present it was her separate personal estate. The same is true in respect to the amount which she claims to have made in conducting a store. These two sums aggregate more than the amount invested in the lot, rendering it unnecessary for us to consider the effect of the testimony in regard to the amount which she claims to have saved from her household expenses. If she loaned to her husband the money received as a bridal present and the profits from

147—34

her business he thereby became indebted to her and had the legal right to pay her the debt, which she could enforce in an action against him. *George v. High,* 85 N. C.; 99. It was for the jury to say what the real truth of the matter was. The Judge put the burden upon the defendants and they carried it successfully to the verdict.

The declarations of the husband prior to the payment of the money were properly admitted. After that they were incompetent. He could not, after paying her the money and after the lot was conveyed to her, affect her rights by *ex parte* declarations. Upon an examination of the entire record we find no error. Let it be certified that there is

No Error.