*Doe on dem.,* GEORGE V. CREDLE *v.* W. R. and GEORGE W. CARRAWAN.

Where a man, upon eve of marriage, agreed with his intended wife that a previous transaction, by which he had mortgaged a certain tract of land to one, who was a trustee for children of hers, in order to secure a part of the purchase money due for such land, should be cancelled, and that, in lieu of what was due, which exceeded the then value of such land, *the land* should be conveyed to such children; and this was done : *Held,* that this was not an act of which *creditors* of the husband could·complain, and *also,* that there was nothing in the Statute (Rev. Code, c. 37, s. 24,) that required such agreement to be *in writing.*

(*Jones* v. *Sasser,* 1 D. & B. 452 ; *Chesson* v. *Pettijohn,* 6 Ire. 121 ; *Black* v. *Saunders,* 1 Jon. 67, approved.)

EJECTMENT, tried before *Jones, J.,* at Spring Term 1870, of HYDE Court.

The plaintiff claimed title under a sheriff's deed, made after a sale of the lands in question by virtue of an execution against one John Cahoon, to satisfy a judgment ob-

tained in favor of a creditor, by note dated January 1st 1855, at May Term 1857 of Hyde County Court

The defendants claimed under a deed from the said Cahoon, dated May 15, 1855, reciting as a consideration "an agreement between myself and wife prior to our marriage," and also, love and affection "for the said children," the defendants, and also, five dollars.

A witness called to show what was the nuptial agreement alluded to, having answered that it was *by parol*,—upon objection, further evidence in regard thereto was excluded.

The defendants then offered to prove that John Cahoon, who was a second husband of the mother of the defendants, had purchased the land in question from one Benson, and in order to secure a part of the price had mortgaged the same to said Benson: that afterwards, at a time when the balance due for the purchase money exceeded the value of the land, a marriage being in contemplation betwixt Cahoon and Mrs. Carrawan, it was agreed between them that the mortgage transaction should be cancelled, and that in satisfaction of the money due for the price of the land, which although nominally payable to Benson, really belonged to Mrs. Carrawan's children the present defendants, the land should be conveyed by Cahoon to the defendants; and that this was done.

Upon objection, this evidence was excluded.

Verdict, and Judgment for the plaintiff, and Appeal by the defendants.

*Carter*, for the appellants.
*Battle & Sons, contra.*

DICK, J. The parties to this action of ejectment claim under the same person, and the question to be determined

is, which party has the best title to the land in controversy. The plaintiff claims title under a sheriff's deed, as a purchaser at an execution sale made to satisfy a debt contracted by the grantor before the execution of the deed of the defendants. The defendant's deed was executed before the judgment was obtained on said debt, and is founded upon three considerations:

1. An agreement between the grantor and his wife, made prior to their marriage.

2. Love and affection for the defendants, the children of his wife.

3. Five dollars in money.

The second is no consideration at all, and the third is merely nominal, and was inserted to give effect to the deed as a bargain and sale. If its validity depends upon these considerations alone, it is a voluntary conveyance, and fraudulent as to debts existing at the time of its execution; unless the defendant can show in evidence, such a state of facts as will bring it within the exception mentioned in the Statute, Rev. Code, c. 50, s. 3.

Where the right of creditors are affected, a voluntary conveyance is presumed in law to be fraudulent, and, to rebut this presumption, it is incumbent on the party claiming under such deed, to show that it was executed under such circumstances as will meet the requirements of said Statute. *Black* v. *Saunders*, 1 Jon. 67.

The evidence of the defendant upon this part of the case was insufficient, and the judgment in the Court below would be affirmed, but for the error of his Honor upon another material point in the defense.

The defendants offered evidence tending to explain and render more specific the consideration first stated in the deed in general terms, and to show that the *agreement* referred to, constituted a *bona fide* and valuable consideration. Such

evidence was clearly admissible, and it was improperly rejected: *Jones* v. *Sasser,* 1 D. and B., 452; *Chesson* v. *Pettijohn,* 6 Ire. 121; 1 Greenl. Ev. 353. The evidence offered tended to show that the grantor formerly purchased the land in question from Benson, the trustee of the defendants; that a large part of the purchase money was still due, and that a mortgage had been taken to secure said debts; that the mortgage had existed for nearly two years and that the land was then of less value than the debts. Under these circumstances the grantor and his intended wife entered into an agreement that the debt and mortgage should be cancelled, and for this consideration, the grantor should execute a deed to the defendants. This agreement was not a marriage settlement or marriage contract, within the meaning of the Statute, Rev. Code, c. 37, s. 24; and there was no necessity that it should be in writing and duly registered. This parol agreement was partially executed before the marriage, by the cancellation of the debt and mortgage, and constituted a valuable consideration for the deed afterwards executed to the defendants. The arrangement was substantially a foreclosure of the mortgage, and did not unjustly affect the rights of other creditors. As the debt secured by the mortgage was greater than the value of the land, other creditors could have obtained nothing by the sale of the equity of redemption under an execution. The agreement, therefore, between the grantor and his intended wife, was not only a lawful, but a very prudent arrangement, as it relieved the grantor from a large debt, and at the same time secured the just claims of the defendants.

The rights of the defendants were greatly prejudiced by the rejection of admissible and relevant evidence in the Court below, and there must be a *venire de novo.*

PER CURIAM. *Venire de novo.*