THOMAS D. CLEMENT, Adm'r of AMOS GOOCH v. WILLIAM M. COZART, Adm'r of JAMES C. COZART et al.

*Administration— Creditor and Debtor—Fraudulent Conveyance.*

1. A voluntary conveyance of property by a debtor is *ipso facto* fraudulent and void, as against pre-existing debts, unless sufficient property available for payment of such debts is retained; whether it be likewise fraudulent and void against subsequent creditors depends upon the *intent* with which it was made, and that is a question to be passed upon by the jury.

2. It is the duty of an administrator, without undue delay, to apply for license to convert the real estate of the decedent's lands into assets to pay debts, and if he fails to do so, the Courts, at the instance of any creditor, will compel him to discharge this duty.

CIVIL ACTION, tried on complaint and demurrer, before *Boykin, J.,* at the April Term, 1891, of the Superior Court of GRANVILLE County.

The plaintiff alleged—

1. That Amos Gooch, late of said county of Granville, died intestate in said county in the month of March, 1885.

2. That on the 16th of March, 1885, plaintiff was duly appointed and qualified as administrator upon said intestate's estate.

3. That on the 1st of September, 1877, the defendants Thomas I. Smith and James C. Cozart and John G. Harris, for a valuable consideration, executed and delivered to plaintiff's said intestate, Amos Gooch, their bond for the payment to him of the sum of one thousand dollars.

4. That at the September Term, 1886, of the Superior Court of said county, plaintiff, as administrator as aforesaid, recovered judgment on said bond against the said Thomas I. Smith and the said James C. Cozart for $1,245, with interest on $1,000, the principal sum in said bond, at the rate of six per cent. per annum from the 6th day of February, 1886, until paid, and for his costs of action.

5. That on the 15th of February, 1888, said Smith, who was a son-in-law of the said James C., paid in part satisfaction of said judgment debt $468.32, that no other or further payments have been made towards the satisfaction of said debt, leaving the balance, with interest, still due and owing.

6. That by deed, absolute on its face, dated 21st of November, 1871, the said James C. Cozart and his wife Jane, for the recited consideration of $2,000, conveyed to their son-in-law the defendant David C. Lunsford, and to their son the defendant Thomas G. Cozart three tracts of land, all lying near the waters of Tar river in said county of Granville, to-wit: (The three tracts of land are set out by metes and bounds, aggregating three hundred and seventy acres.)

7. That at the time of the execution of said deed the said James C. Cozart was greatly indebted, much beyond his ability to pay, and said deed was executed by him and his said wife with the intent to hinder, delay and defraud the then and all subsequent creditors of said James C., and this covinous purpose of the said James C. and his said wife was well known to the said grantees and to the *cestuis que trust* in said deed at the time of the execution thereof as aforesaid.

8. That said deed was executed by said James C. and his said wife, as plaintiffs are informed and believe, upon some

secret trust for the use and benefit of the said grantors in some way unknown to plaintiffs.

9. That no part of said recited consideration of $2,000 was ever paid by said grantees to said grantors, nor was it ever intended by either or any of the parties to said deed that said sum of $2,000, or any part thereof, ever should be paid, but said deed was in truth, and was intended by the parties to it to be, a voluntary conveyance.

10. That said James C. Cozart died intestate in said county of Granville in the year 1887.

11. That on the 23d of April, 1888, the defendant William W. Cozart, who was a son of the said James C. Cozart and his said wife Jane, applied to the Superior Court of said county for letters of administration upon the estate of the said James C., and in his said application he swore that the personal estate of said James C. was worth about $5, and that he, the said James C., owned no real property at the time of his death.

12. That on the 24th of April, 1888, the said William W. Cozart was duly and legally appointed administrator of the said James C. Cozart, and executed his bond as such administrator, with E. B. Cozart and A. S. Carrington as his sureties thereto, in the penal sum of $10, conditioned according to law for the faithful performance of his duties as administrator of the estate of the said James C.

13. That on the 18th of September, 1889, the said William W., as administrator as aforesaid, filed in the office of the Clerk of the Superior Court of said county an inventory of the personal estate of the said James C., of the value of about $350.

14. That on the 16th of April, 1890, the said William W., as administrator as aforesaid, filed on oath in the office of said Clerk an account of the sales of the personal property belonging to the estate of the said James C., and of all receipts and disbursements on account of said estate, and that

the receipts as returned by him into the office of said Clerk aggregated $351.98, and the disbursements as returned by him as aforesaid aggregated $288.65, leaving a balance in his hands, as returned by him, of $63.33 only.

15. That said account of sales, as just above stated, and said disbursements, was intended by said William W. to be, and is, his final account with his said intestate's estate.

16. That the said James C., at the time of his death as aforesaid, left no money or effects or personal property of any kind whatsoever, beyond what is stated in said inventory and said account of sales of his said administrator, and that the same was insufficient to pay said James C. Cozart's debts and the costs and charges of administering his estate, and it will be necessary to sell the real property or some part thereof to pay his debts and the costs and charges of administering his estate.

17. That the said James C Cozart died seized of the three tracts of land, aggregating three hundred and seventy-two acres, set forth and described in article six of this complaint.

18. That on the 4th day of December, 1884, the defendants David C. Lunsford and his wife Nancy J., and the defendants Thomas G. Cozart and his wife Bettie F., for the recited consideration of $1, conveyed by deed said three tracts of land to the defendant William W. Cozart and his heirs, in trust for the use and benefit of the said James C. and his said wife Jane, for their lives, and for the life of the survivor of them, and, at the death of the survivor of them two, to be sold by the said William W., and the proceeds of such sale to be by him, the said William W., divided amongst the children or heirs at law of the said James C. Cozart.

19. That the said Thomas I. Smith is insolvent.

20. That the said James C. Cozart left him surviving the defendants to this action, who are his only heirs at law.

Wherefore, the plaintiff demands judgment against the defendants—

1. That the defendant William W. Cozart, as administrator of James C. Cozart, render an account of the personal estate of his said intestate, which did come, or ought to have come to his hands to be administered by him as such administrator, and also of the debts and funeral expenses of the said James C., and also of the costs and charges of his said administration.

2. That out of said personal property said administrator pay his intestate's debts, if there be a sufficiency thereof for that purpose.

3. That if, upon the taking and stating of such account, it shall appear that there is not in the hands of said administrator a sufficiency of personal assets to pay his intestate's debts and the costs and charges of administering his estate, then and in that event said William W., as administrator as aforesaid, or as trustee as aforesaid, be ordered, adjudged and decreed to sell said lands, or as much thereof as may be necessary to pay his intestate's debts, and out of the proceeds of said sale to pay said debts.

4. For their costs of action.

5. For such other and further relief, etc.

In this action the defendants demur to the amended complaint, in that it does not state facts sufficient to constitute a cause of action—

1. In that it appears that the conveyance of the tracts of land, described in the complaint by James C. Cozart, was made 21st November, 1871, and the debt on which judgment was taken by the plaintiff was not contracted until September 1st, 1877; and, under § 1545 of *The Code*, plaintiff's intestate was not disturbed, hindered, delayed or defrauded thereby.

2. That there is no allegation that any clause of defeasance was omitted by mistake from the said deed, which, being absolute on its face, even though voluntary, conveyed all interest which James C. Cozart had in the said tracts of land

109 — 12

to his son and son-in-law upon good consideration ; and no parol agreement in regard to any present or future interest therein, even if the same existed, as alleged in the complaint (it not being stated that it was in writing, signed by David C. Lunsford and Thomas G. Cozart, as required by § 1554 of *The Code*), could be enforced after the execution of said deed by James C. Cozart, nor by his subsequent creditors, who now ask to be subrogated to his rights.

3. In that it appears, from the allegations of said complaint, that after the debt on which this action is founded, was contracted, James C. Cozart had no interest in said tracts of land except that acquired by the conveyance of David C. Lunsford and Thomas G. Cozart to W. W. Cozart as trustee, and such interest expired with the life of said James C. Cozart, and there was nothing left of which he was seized at his death which his administrators could sell.

4. That the allegations of said complaint, in regard to creditors of James C. Cozart in 1871, are vague and indefinite, and should be disregarded, as their claims are long since barred, and, besides, the plaintiff shows no connection of any creditors then existing, if there were such, as alleged, with this proceeding, nor is there any allegation that any rights of such creditors were assigned to the plaintiff's intestate.

5. That there is no allegation that the defendant W. W. Cozart, as administrator of James C. Cozart, has refused to bring suit to sell any land upon the request of the plaintiff, or in any way neglected to perform any duty in regard thereto. Wherefore, the defendants demand judgment that the said plaintiff has no cause of action against them upon the facts alleged, and that the said James C. Cozart had no interest at his death in the said tracts of land, which could be sold by defendant W. W. Cozart, either as administrator or trustee, and that the plaintiff had made no request for such sale prior to this action, and for these reasons that this demurrer be

sustained and said action be dismissed as to all the defendants. That as there appears from said complaint to be no necessity for an account of the administration of said estate, and it is alleged that there has been a final settlement thereof, this action be also dismissed as to the administrator.

There was judgment sustaining the demurrer, and plaintiff appealed.

*Messrs. L. C. Edwards, J. B. Batchelor* and *John Devereux, Jr.,* for plaintiff.

*Mr. John W. Graham,* for defendant.

DAVIS, J.—after stating the case as above, proceeded:

1. The first ground of demurrer is based upon the fact, as appears in the complaint, that the debt of the plaintiff was not contracted until some time after the deed from James C. Cozart to his son-in-law was executed, and the deed could not, therefore, be embraced by the statute of frauds, *The Code,* § 1545, which makes void fraudulent gifts, grants, etc., "only as against that person, his heirs, executors and assigns, whose debts, accounts, damages, penalties and forfeitures, by such fraudulent or covinous devices and practices aforesaid, are, shall or might be in anywise disturbed, hindered, delayed or defrauded," etc., and it is insisted that a debt which had no existence when the deed was made could not be so disturbed, hindered, etc. We apprehend that if a deed be made, showing upon its face a full valuable consideration, but upon the secret trust that the vendee shall not pay anything therefor, but shall hold the same in contemplation of insolvency for the benefit of the vendor, so as to protect and shield the property against any debts that he may owe at the time, or any liabilities that he may subsequently incur, such a deed would be void as to all persons whose claims "are, shall or might be" defrauded thereby. As to pre-existing debts such

a deed would be *ipso facto* fraudulent and void.   *Morgan* v. *McLelland*, 3 Dev., 82.

"A voluntary conveyance is necessarily and in law fraudulent when opposed to the claim of a prior creditor;" as against subsequent creditors, whether fraudulent or not, depends upon the *bona fides* of the transaction, and the question is one of intent, to be passed upon by the jury.   *O'Daniel* v. *Crawford*, 4 Dev., 197, in which the subject of fraudulent conveyances is elaborately discussed in concurring opinions by RUFFIN, C. J., and GASTON and DANIEL, J.J.

The first ground of demurrer cannot be sustained.

2. The second ground of demurrer is that there is no allegation of any clause of defeasance, and the deed being upon good consideration, the grantor had no interest in the land which could be enforced by him or his subsequent creditors. If the conveyance was made upon a fraudulent trust, of course the Court would not aid the grantor in its enforcement, but the deed was void as to creditors, and no clause of defeasance was necessary as to them, and the second ground of demurrer cannot be sustained.

3. The third ground of demurrer cannot be sustained. The plaintiff's action rests upon the allegation that the deed of James C. Cozart to his son-in-law, Lunsford, was fraudulent and void as against creditors, and neither Lunsford nor W. W. Cozart, the trustee, acquired any title as against creditors.

4. The fourth ground of demurrer is based upon the assumption that the deed could only be fraudulent and void as against creditors existing at the time of the deed; as we have seen, this is a misapprehension, and the fourth ground of demurrer cannot be sustained.

5. It is alleged in the complaint, and the demurrer admits, that the personal property of the decedent was insufficient to pay his debts, and that a sale of his real estate was necessary for that purpose.   The statute, *The Code*, § 1436, makes it

the duty of the administrator, without undue delay, to apply to the Court for license to sell the real estate, etc., and the Court, at the instance of the creditor, may compel him to perform this duty. *Pelletier* v. *Saunders*, 67 N. C., 261. For the purposes of demurrer, it is admitted that the deed of the decedent was made with the intent to hinder, delay and defraud the then existing and subsequent creditors of the grantor, and that the defendant administrator was a party to this fraudulent transaction; that he had filed his final account, leaving debts of the decedent unpaid, without selling, or applying to the Court for license to sell the real estate of his intestate; and from the facts fully appearing in the complaint, and admitted by the demurrer, the administrator had designedly failed and neglected to perform his duty and apply to the Court for license to sell the land fraudulently conveyed by the deed of the intestate, under and through which he and the other defendants are beneficiaries, and from the facts appearing in the complaint, no demand was necessary. Before the real estate of a decedent can be sold to pay debts, either upon the application of an administrator or at the instance of a creditor, under §§ 1448 or 1474 of *The Code*, it must be made to appear that the personal estate has been exhausted, or is insufficient to pay the debts of the decedent, and this may be, and usually is, ascertained by an account. This is well settled, as will appear by reference to the present case when before this Court on a former appeal, 107 N. C., 695, and cases there cited. And the fifth ground of demurrer cannot be sustained.

There is error, and the demurrer must be overruled. Let this be certified, to the end that the defendants may answer, or not, as they may be advised.

Error.