There was allegation with evidence on part of plaintiff tending to show that the defendant company, in constructing its roadbed along French Broad River, just below plaintiff's lands, had filled up the original bed of the stream, thereby diverting the water into an artificial channel, inadequate for the flow of the stream, causing the waters of same to pond back upon and sob and injure plaintiff's lands, to his great damage, etc.
There was evidence on the part of the defendant in denial of this view, but the issue is almost exclusively one of fact, and, the jury having accepted plaintiff's version of the matter, an actionable wrong had been clearly established. It was chiefly urged for error that the court sustained an exception to questions proposed by defendant to two or more of the witnesses and to the effect that certain lands on the river, some distance below and above that of plaintiff, and of same (278) character, had been turned out before the construction of the railroad and its cultivation no longer attempted. There are so many reasons which might have led to this course on the part of the owners of these other tracts that the proposed questions, in our opinion, were properly excluded as tending to introduce issues entirely foreign to the inquiry and more likely to distract than to aid the jury in their deliberations. Chaffin v. Manufacturing Co., 135 N.C. 102;Warran v. Makely, 85 N.C. 12.
After careful examination of the record, we find no reason for disturbing the results of the trial, and the judgment in plaintiff's favor is
Affirmed.
Cited: Westerman v. Fiber Co., post, 297. *Page 228