IDA AMAN, TRADING AS A. W. AMAN, AGENT, v. G. A. WALKER, THE PARKSLEY LUMBER COMPANY, ET ALS.

(Filed 25 March, 1914.)

1. Pleadings — Demurrer—Employer and Employee—Wages Due— Injunction — Garnishment — Supplementary Proceedings — Employer.

A demurrer by an employer to a complaint which alleges that he discharged his employee, knowing that the latter owed the ·plaintiff, amount not stated, and which seeks to restrain him from paying his employee, is good.

2. Deeds and Conveyances—Fraud on Creditor—Equity.

Where a conveyance of lands is made by a grantor with the intent and purpose of defrauding his creditors, which· intent is participated in by the grantee, the transaction will be set aside at the suit of a creditor, irrespective of whether his debt accrued before or after the date of the deed, or whether a valuable consideration passed. The principles relating to conveyances in fraud of creditors' rights discussed by ALLEN, J.

3. Same—Reconveyance—Parties.

Where a deed is sought to be set aside, as in fraud of the grantor's creditors, with allegation that ·the fraudulent intent was participated in by the grantee, and the latter has conveyed the lands to a third person, it is necessary to the determination of the controversy that such person be made a party thereto.

APPEAL by defendant from *O. H. Allen, J.,* at September Term, 1913, of SAMPSON.

This is an appeal from a judgment overruling a demurrer to the complaint. The plaintiff alleges three causes of action:

In the first, that the defendant Waller is indebted to him in the sum of $454.74, and that while this debt was being contracted in 1910 and 1911 said Waller was in the employment of the defendant lumber company, and that the lumber company, knowing of the existence of the debt to the plaintiff, discharged Waller, while indebted to him, and that the company ought to be restrained from paying Waller.

In the second, in addition to the facts alleged in the first cause of action, that on 25 January, 1910, the defendant Wal-

AMAN *v.* WALKER.

ler executed a mortgage to the defendant lumber company, pur-
porting to convey practically all of his property to secure a
pretended indebtedness of $2,400; that on 8 October, 1910, said
Waller executed to said lumber company a bill of sale for cer-
tain property; that at the time of executing said mortgage and
said bill of sale the said Waller did not retain sufficient prop-
erty to pay his debts, and that both were made with the intent
to hinder, delay, and defraud the creditors of the said Waller,
and that this intent was participated in by said lumber com-
pany.

In the third, the same allegations are made, and the addi-
tional ones, that practically all the property of said Waller was
included in said mortgage and bill of sale; that this was in
legal effect an assignment; that no schedule of debts and assets
was filed; that in 1912 said lumber company sold the property
embraced in said mortgage and bill of sale to E. H. Hagman &
Son for $3,000.

The defendant lumber company filed the following demurrer:

"First. As to the first cause of action, the complaint does not
state facts sufficient to constitute a cause of action, in that no
privity is alleged between the plaintiff and these defendants,
and said complaint does not allege that these defendants are
now indebted to the other defendants in any sum whatever, nor
does it allege that they were ever indebted to the other defend-
ants in any stated amount. Wherefore these defendants pray
that said first cause of action be dismissed.

"Second. As to the second cause of action, said complaint
does not state any facts sufficient to constitute a cause of action,
in that it is alleged in the first cause of action (which is re-
iterated and made a part of the second cause of action) that the
defendants, other than G. A. Waller and wife, are copartners,
and that the bill of sale referred to therein was made to a cor-
poration, which bill of sale could not convey any property to
said copartnership. It is also alleged that the mortgage com-
plained of was dated 25 January, 1910, which was before any
of the debts due the plaintiff by G. A. Waller or L. M. Waller
& Co. were contracted, and the plaintiff cannot complain of the
same, as it antedated the debts now sued on.

"Further, these defendants allege as a matter of law that both of said conveyances were made more than four months before the institution of this action, and therefore, under the statute, chapter 918 of the Public Laws of 1909, the plaintiff cannot recover in this action.

"Third. As to the third cause of action, the complaint does not state facts sufficient to constitute a cause of action, for that all of the debts alleged to be due the plaintiff by G. A. Waller, or by L. M. Waller & Co., were contracted after the execution and registration of the chattel mortgage referred to therein.

"And further, because it is alleged in the complaint that the goods were sold to L. M. Waller & Co., and said goods were sold after the execution and registration of the bill of sale referred to in the complaint.

"Fourth. The defendants further demur to the entire complaint because it does not contain facts sufficient to constitute a cause of action, in that it is nowhere alleged that the defendants are indebted to G. A. Waller at this time in any sum whatever, nor is it alleged anywhere that these defendants were ever indebted to L. M. Waller & Co. in any sum whatever.

"Wherefore this defendant prays that they be dismissed hence and recover their costs of the plaintiffs and the surety on their prosecution bond."

The demurrer was overruled, and the lumber company excepted and appealed. Judgment was rendered against the defendant Waller for the amount of the debt claimed by the plaintiff upon admissions made in open court.

*Faison & Wright for plaintiff.*

*Fowler & Crumpler and H. A. Grady for defendant lumber company.*

Allen, J. The demurrer to the first cause of action ought to have been sustained. The plaintiff does not allege in this cause of action that the lumber company owes him anything or has incurred any obligation to him, and the only ground of complaint is that the defendant Waller is indebted to the plaintiff, and that the lumber company is indebted to Waller in an amount not stated.

This furnishes no reason for interference by a court of equity to restrain the payment to Waller, and the plaintiff has an ample legal remedy by garnishment, or by proceedings supplemental to the execution.

The demurrer to the second and third causes of action was properly overruled. It is alleged in these causes of action that the mortgage and bill of sale were executed with the intent to defraud creditors, and that this fraudulent intent was participated in by the lumber company, which, if true, would make both void, although supported by a valuable consideration.

The principles to be deduced from the authorities as to fraudulent conveyances, in so far as they are applicable to the facts alleged, are:

(1) If the conveyance is voluntary, and the grantor retains property fully sufficient and available to pay his debts then existing, and there is no actual intent to defraud, the conveyance is valid.

(2) If the conveyance is voluntary, and the grantor did not retain property fully sufficient and available to pay his debts then existing, it is invalid as to creditors; but it cannot be impeached by subsequent creditors without proof of the existence of a debt at the time of its execution, which is unpaid, and when this is established and the conveyance avoided, subsequent creditors are let in and the property is subjected to the payment of creditors generally.

(3) If the conveyance is voluntary and made with the actual intent upon the part of the grantor to defraud creditors, it is void, although this fraudulent intent is not participated in by the grantee, and although property sufficient and available to pay existing debts is retained.

(4) If the conveyance is upon a valuable consideration *and made with the actual intent to defraud creditors upon the part of the grantor alone, not participated in by the.grantee* and of which intent he had no notice, it is valid.

(5) If the conveyance is upon a valuable consideration, but made with the actual intent to defraud creditors on the part of the *grantor,* participated in by the *grantee* or of which he has

notice, it is void. *Black v. Saunders,* 46 N. C., 67; *Warren v. Makely,* 85 N. C., 14; *Credle v. Carrawan,* 64 N. C., 424; *Worthy v. Brady,* 91 N. C., 268; *Savage v. Knight,* 92 N. C., 498; *Clement v. Cozart,* 112 N. C., 420; *Hobbs v. Cashwell,* 152 N. C., 188; *Powell v. Lumber Co.,* 153 N. C., 58.

As a cause of action is stated, without reference to the allegation of failure to file a schedule of debts under the assignment law, it is not necessary to pass upon the effect of chapter 918, Public Laws 1909, and best not to do so until the facts are fully developed.

No objection is made on account of a defect of parties, but it appears from the complaint that the property in controversy has been sold, and the purchaser not a party to the record. His presence is necessary to a complete determination of the controversy, as it now appears, and he should be made a party. *Bank v. Harriss,* 84 N. C., 206.

The judgment of the Superior Court is modified in accordance with this opinion, and as thus modified is affirmed. The appellant will pay the costs of the appeal.

Modified and affirmed.