APPEAL by plaintiff from *Schenck, J.,* at May Term, 1934, of BUN-COMBE. Affirmed.

This is a proceeding to recover certain bonds now in the possession of the defendant Commissioner of Banks, who holds the same as assets of the Central Bank and Trust Company of Asheville, N. C., an insolvent banking corporation.

By consent a trial of the issues of fact by a jury was waived. At the request of the parties, the judge heard the evidence and found the facts, and on the facts found by him, and set out in the judgment, it was adjudged that the defendant Commissioner of Banks is the owner and entitled to the possession of the bonds described in the petition.

The plaintiff appealed from the judgment to the Supreme Court, assigning errors in the admission of evidence, and in the findings of fact.

*Alfred S. Barnard for petitioner.*
*Johnson, Rollins & Uzzell for respondent.*

PER CURIAM. The Court being evenly divided in opinion, *Justice Schenck* not sitting, the judgment of the Superior Court is affirmed, and stands as the decision in this proceeding, without becoming a precedent. *Nebel v. Nebel,* 201 N. C., 840, 161 S. E., 223.

Affirmed.

SCHENCK, J., took no part in the consideration or decision of this case.

———————

JOE N. WILSON v. F. L. WHITAKER ET AL.

(Filed 12 December, 1934.)

APPEAL by defendants from *Pless, J.,* at June Term, 1934, of BUN-COMBE.

Civil action to set aside deeds alleged to have been executed in fraud of plaintiff's rights.

It appears that on 24 August, 1927, F. L. Whitaker and his brother, S. R. Whitaker, executed their joint promissory note to the plaintiff in the sum of $1,262.50. Thereafter, on 9 April, 1929, suit was instituted to recover on said note, and judgment duly rendered therein for the plaintiff at the December Term, 1929, of Buncombe Superior Court. During the pendency of this action, *i.e.,* between April and December, 1929, the two brothers, defendants herein, conveyed all of their real

estate, without consideration, to their sons, and a nephew, for the purpose, it is alleged, of defeating any recovery which the plaintiff might obtain in said action.

The present suit is to set aside these conveyances as having been made in fraud of creditors and with intent to hinder and delay the plaintiff in the collection of his judgment.

Upon denial of plaintiff's right to the relief demanded, and issues joined, there was verdict and judgment for the plaintiff in the general county court of Buncombe County, from which an appeal was duly taken, on matters of law, to the Superior Court of said county. On consideration of the questions presented by the appeal, the judgment of the county court was affirmed.

Defendants appeal, assigning errors.

*Edward H. McMahan, Vono L. Gudger, and Mark W. Brown for plaintiff.*

*J. Scroop Styles and James S. Styles for defendants.*

PER CURIAM, after stating the case: The case was tried without error under the principles announced in *Aman v. Walker,* 165 N. C., 224, 81 S. E., 162.

Affirmed.

---

SHERRER JACKSON, BY HIS NEXT FRIEND, BERRY CARTER, v. WINSTON-SALEM SOUTHBOUND RAILWAY COMPANY.

(Filed 1 January, 1935.)

APPEAL by defendant from *Alley, J.,* at June Term, 1934, of FORSYTH.

Civil action to recover damages for personal injuries alleged to have been caused by the negligence of the defendant when plaintiff was struck by defendant's train at a street crossing in the city of Winston-Salem.

Demurrer interposed on the ground that the complaint does not state facts sufficient to constitute a cause of action. Demurrer overruled; exception; appeal.

*No counsel appearing for plaintiff.*
*Craige & Craige and Parrish & Deal for defendant.*

PER CURIAM. The brief of appellant abounds in fine distinctions and close differentiations, but a careful perusal of the complaint leaves us with the impression that the demurrer was properly overruled.

Affirmed.