PATRICK RANDOLPH FLACK AND LOIS ELAINE FLACK, BY AND THROUGH THEIR GUARDIAN AD LITEM, LOIS R. FLACK GARRISS v. MARCUS A. GARRISS, BIANCA M. BROWN, GILBERT W. CHICHESTER, CMC FINANCE GROUP, INC.

No. 816SC1164

(Filed 3 August 1982)

1. **Fraudulent Conveyances § 3.4— alleged fraudulent conveyance of notes —dismissal of action against attorney**

   An action concerning the allegedly fraudulent conveyance of notes was properly dismissed as to defendant attorney where the complaint merely alleged that the attorney had custody of the notes and asked that a temporary injunction be issued to prevent the further transfer of the notes, such a restraining order was entered, and the notes themselves were produced in open court and introduced into evidence.

2. **Fraudulent Conveyances § 3— action to set aside conveyance of notes —instructions on elements of action**

   In an action to set aside the allegedly fraudulent conveyance of notes, the trial court's instruction that "first there must be a voluntary conveyance" was not prejudicial error where the trial court properly defined "voluntary conveyance" and also thereafter correctly stated the law regarding a conveyance made upon valuable consideration but with the intent to defraud creditors.

   Judge VAUGHN concurring in part and dissenting in part.

APPEAL by plaintiffs from *Fountain, Judge.* Judgment entered 8 June 1981 in Superior Court, HALIFAX County. Heard in the Court of Appeals 10 June 1982.

*Josey, Josey & Hanudel, by C. Kitchin Josey, for plaintiff-appellants.*

*Perry, Kittrell, Blackburn & Blackburn, by George T. Blackburn, II, for defendant-appellees Garriss and Brown.*

*Chichester & Harris, by Gilbert W. Chichester, for defendant-appellee Chichester.*

*Moore & Van Allen, by Robert W. King, Jr., for defendant-appellee CMC Finance Group, Inc. (No brief on appeal.)*

HILL, Judge.

In this action plaintiffs, by and through their guardian ad litem, sought to have three notes of indebtedness declared to be

solely owned by defendant Garriss so that they could levy against the notes in accordance with a prior judgment.

At various times in 1972, defendant Garriss purchased three ten-year subordinated capital notes of the CMC Finance Group, Inc., each with a face value of $10,000. Defendant Garriss and Lois R. Flack Garriss were married on 20 January 1976 and were divorced on 11 February 1977. Mrs. Garriss filed an action on 9 March 1977 on behalf of the two children, Lois Elaine Flack and Patrick Randolph Flack, seeking to recover maintenance and support for the children from defendant Garriss.

On 27 January 1978, during the pendency of this action, defendant Garriss transferred the notes in question to defendant Bianca M. Brown in consideration of $20,000 and the remaining interest from the notes. Defendant Gilbert W. Chichester, acting as attorney for defendant Garriss, signed the note transfer as witness.

By consent order dated 29 March 1978 defendant Garriss agreed to pay Mrs. Garriss, for the benefit of the two children, the sum of $36,000 for each child payable at the rate of $400 per month. The order provided that failure to make a payment, after 30 days' written notice from Mrs. Garriss and a judicial determination of nonpayment, would cause the balance of the remaining payments to come due. The consent judgment specifically stated that the judgment was not a lien upon any real property and could not be enforced by execution and levy against defendant Garriss or any of his property until an order was entered by the court and noted by the clerk finding the requisite nonpayment of support along with the remaining amount to be paid.

On 29 August 1979, defendant Garriss last made payment pursuant to the consent judgment. By letter dated and mailed 11 September 1979, Mrs. Garriss gave defendant Garriss written notice of his failure to pay the child support installment. On 6 November 1979, an order was entered in the Superior Court of Halifax County, finding that defendant Garriss did not make the required child support payment and that more than 30 days had elapsed since he was notified of this failure to make the payment. The order declared that the sum of $29,200 for each child was due and payable from defendant Garriss.

After the entry of the 6 November 1979 order, execution was issued on any property of defendant Garriss wheresoever located. All such executions were returned stating that no property was to be found with the exception of $1,321.67.

Plaintiffs then instituted this action seeking to have the transfer of notes from defendant Garriss to defendant Bianca M. Brown set aside as a fraudulent conveyance and defendant Garriss declared the sole owner of the notes. At the hearing on this matter, the trial judge dismissed the action as to defendant Chichester. The jury returned a verdict in favor of the remaining defendants. Plaintiffs appeal.

[1] Plaintiffs first argue that the trial judge erred in dismissing the action as to defendant Chichester at the close of all the evidence. Plaintiffs concede that a motion for dismissal made pursuant to Rule 41(b) in a trial by jury may properly be treated as a motion for directed verdict under Rule 50(a), and we find no error on this ground. *Pergerson v. Williams*, 9 N.C. App. 512, 176 S.E. 2d 885 (1970). Nor do we find error in the judge's dismissal even when the evidence against defendant Chichester is considered in the light most favorable to plaintiffs. Regarding defendant Chichester, the complaint merely alleged that Chichester had custody of the notes transferred from Garriss to Brown and asked that a temporary injunction or restraining order be issued to prevent the further transfer or disposal of the notes. On 27 February 1980, such a restraining order was entered and the notes themselves were produced in open court and introduced into evidence by defendants Garriss and Brown. In light of the foregoing, there were no issues to be submitted to the jury concerning defendant Chichester nor any relief to be obtained from him. This assignment of error is overruled.

[2] Plaintiffs next would have us find prejudicial error in the trial judge's instructions to the jury. In his charge, the judge began his explanation of a fraudulent conveyance by stating that "[f]irst there must be a voluntary conveyance, and a voluntary conveyance or a conveyance is deemed to be voluntary when the purchaser does not pay a reasonably fair price such as would indicate unfair dealing and be suggestive of fraud." Plaintiffs argue that this statement misled the jury by restricting the jurors' decision to an initial finding that the conveyance was voluntary, thus

obviating the other possible determination that the conveyance was fraudulent if made upon valuable consideration but with the actual intent to defraud creditors on the part of the grantor with notice of the fraud by the grantee. *See generally Aman v. Walker*, 165 N.C. 224, 81 S.E. 162 (1914). We find no error.

Plaintiffs acknowledge that the trial judge properly defined "voluntary conveyance" and also shortly thereafter correctly stated the law regarding a conveyance made upon valuable consideration but with the intent to defraud creditors. The trial judge then distinguished the terms "voluntary conveyance" and "valuable consideration," thus further separating the two legal principles for the jury. Reading the charge as a whole, we find that the correct law of the case was presented to the jury in such a manner that there was no reasonable possibility that they were misled or misinformed. *See Gregory v. Lynch*, 271 N.C. 198, 155 S.E. 2d 488 (1967).

For these reasons, in the trial we find

No error.

Judge MARTIN (Harry C.) concurs.

Judge VAUGHN concurs as to defendant Chichester but dissents as to the other defendants.

Judge VAUGHN dissenting.

I concur in the result reached as to defendant Chichester.

I must, however, dissent from the opinion of the majority as to the other defendant. The judge instructed the jury that:

> "First, there must be a voluntary conveyance, and a voluntary conveyance or a conveyance is deemed to be voluntary when the purchaser does not pay a reasonably fair price such as would indicate unfair dealing and be suggestive of fraud."

That instruction is obviously wrong and went to the heart of plaintiffs' case. There was ample evidence that would have permitted the jury to find for plaintiffs without finding that there

was a voluntary conveyance. The error was never corrected and was manifestly prejudicial. For the error assigned, I vote to order a new trial.