CHARLES B. NYE v. TIMOTHY E. OATES AND WIFE, AMY BLAUGH OATES

No. 8814SC1431

(Filed 21 November 1989)

1. **Fraudulent Conveyances § 3.1 (NCI3d)— action to set aside deeds—fraud upon creditors—12(b)(6) dismissal improper**

    The trial court erred by granting defendant Amy Oates' motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6) an action to recover $28,106.07 and to set aside deeds as a fraud upon creditors where the complaint indicated that, while unable to pay a claim that had been pending against him for two years and while he had no other assets with which to pay his creditors, Timothy Oates gratuitously conveyed his solely owned real property to himself and his wife by the entireties and gratuitously had title to other land that he purchased later put in her name. It is immaterial that plaintiff was not a creditor of Timothy Oates at the time of the first conveyance because Concrete Service Corporation was a creditor and plaintiff succeeded to its rights by virtue of a bond and payment made thereunder, and it is also immaterial that the grantee was ignorant or innocent of the fraud.

    **Am Jur 2d, Fraudulent Conveyances §§ 25, 26.**

2. **Fraudulent Conveyances § 3.1 (NCI3d)— facilitation of fraud upon creditors—12(b)(6) dismissal improper**

    The trial court erred by granting defendant Amy Oates' motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6) a claim

for agreeing with her husband to defraud plaintiff creditor. While there is no recognized action for civil conspiracy in North Carolina, our law nevertheless permits one defrauded to recover from anyone who facilitated the fraud by agreeing for it to be accomplished. Plaintiff explicitly alleged in the complaint the necessary elements that the defendants agreed to defraud him in that defendant Timothy Oates committed an overt tortious act in furtherance of the agreement and plaintiff suffered damages from that act.

**Am Jur 2d, Fraudulent Conveyances §§ 25, 26.**

APPEAL by plaintiff from *Hight, Judge.* Order entered 9 August 1988 in Superior Court, DURHAM County. Heard in the Court of Appeals 24 August 1989.

*Jerry L. Jarvis, C. Howard Nye, and Charles B. Nye, pro se, for plaintiff appellant.*

*Michael E. Mauney for defendant appellee Amy B. Oates.*

PHILLIPS, Judge.

This appeal is from an order dismissing the complaint against defendant Amy Blaugh Oates for failure to state a claim for which relief can be granted pursuant to the provisions of Rule 12(b)(6), N.C. Rules of Civil Procedure. The alleged basis for plaintiff's action against defendants — to recover $28,106.07 and set aside as a fraud on creditors deeds that defendant Amy Blaugh Oates either received from or at the directive of Timothy Oates — is that: Timothy Oates, a fellow lawyer and longtime friend, induced him to indemnify a judgment creditor of his and to make good his worthless check by falsely representing that he and his wife had conveyed certain real estate to him as security; that Amy Blaugh Oates conspired with her husband to accomplish the frauds; and that while he was indebted to plaintiff's indemnitee and others Timothy Oates gratuitously conveyed or had conveyed property to his wife in fraud of his creditors. More specifically, the complaint's allegations and the exhibits incorporated therein indicate the following: In January 1983 Concrete Service Corporation sued Timothy Oates for several thousand dollars allegedly owed because of an unfair or deceptive trade practice. While that action was scheduled for trial, on 11 April 1985 Timothy Oates conveyed certain solely owned real estate to himself and his wife as tenants by the entireties.

A week later the case was tried and Concrete Service Corporation obtained judgment against Timothy Oates for $14,098.20. Following the Sheriff's unavailing search for assets upon which to levy under the judgment, a receiver was appointed to take charge of Timothy Oates' assets, the principal one of which was his law practice. On 29 August 1985, in reliance upon Timothy Oates' false representation that the defendants had already secured him against loss by executing a deed of trust to their home in his favor and recording it in the office of the Durham County Register of Deeds, plaintiff posted a $30,000 bond to secure Concrete Service Corporation's judgment and the receivership was dissolved. On 15 May 1986 at the request of Timothy Oates plaintiff made good a worthless check of his in the amount of $3,697.58. On 21 May 1986 plaintiff had to pay $24,408.49 into court under the bond given to secure Concrete Service Corporation. Defendants never executed or recorded any deed of trust in favor of plaintiff. In October 1987 defendant Timothy Oates paid for a tract of land and without legal consideration had the deed issued to defendant Amy Blaugh Oates. No payment has been made by Timothy Oates on any of the above debts.

[1]    Assuming that the facts above alleged are true, as we must since the sufficiency of a complaint to state an enforceable claim is being determined, *Smith v. Ford Motor Co.*, 289 N.C. 71, 221 S.E.2d 282 (1976), it is manifest that two claims for which the law affords relief are stated and the order dismissing the complaint is erroneous. One claim authorized by law that the complaint clearly states is for setting aside the deeds defendant Amy Blaugh Oates received from or at the direction of the insolvent Timothy Oates as a fraud upon his creditors. For under G.S. 39-15, and before that enactment the common law, every gift or conveyance devised to hinder, delay, or defraud creditors or others of their debts is void, and that the grantee is ignorant or innocent of the fraud is immaterial.

> If the conveyance is voluntary and made with the actual intent upon the part of the grantor to defraud creditors, it is void, although this fraudulent intent is not participated in by the grantee, and although property sufficient and available to pay existing debts is retained.

*Aman v. Walker*, 165 N.C. 224, 227, 81 S.E. 162, 164 (1914). A conveyance is voluntary if a reasonably fair price is not paid for it,

*Nytco Leasing, Inc. v. Southeastern Motels, Inc.*, 40 N.C. App. 120, 252 S.E.2d 826 (1979), and the allegation here is that nothing was paid and the conveyances were gratuitous. Fraudulent intent may be established by circumstances, and a close family relationship coupled with less than reasonable consideration and outstanding debts that the debtor is unable to pay is strong evidence of fraud. *Id.* at 130, 252 S.E.2d at 833. The complaint indicates that while unable to pay a claim that had been pending against him for two years and while he had no other assets with which to pay his creditors Timothy Oates gratuitously conveyed his solely owned real property to himself and his wife by the entireties and gratuitously had title to other land that he purchased later put in her name. If these circumstances are established the conveyances are invalid to existing creditors as a matter of law, *Aman v. Walker, supra,* and from these circumstances it can properly be inferred that the conveyances were also fraudulent as to subsequent creditors. *Clement v. Cozart,* 109 N.C. 173, 13 S.E. 862 (1891). That plaintiff was not a creditor of Timothy Oates at the time of the first conveyance (but was at the time of the second conveyance) is immaterial because Concrete Service Corporation was a creditor and plaintiff succeeded to its rights by virtue of the bond and payment made thereunder. 73 Am. Jur. 2d *Subrogation* Sec. 59 (1974); *Trustees of Garden of Prayer Baptist Church v. Geraldco Builders, Inc.,* 78 N.C. App. 108, 336 S.E.2d 694 (1985). And, of course, Timothy Oates' fraudulent conveyances being properly alleged the question cannot be completely and effectively resolved without the joinder of Amy Blaugh Oates, the grantee in the challenged conveyances. *Aman v. Walker, supra* at 228, 81 S.E. at 164. And, as stated above, in order to divest her of title to the properties fraudulently conveyed to her it need not be shown that she either participated in or even had knowledge of the fraud; for "[i]t is a principle of the common law, as old as the law itself . . . that [a debtor] shall be just to his creditors before he is generous to his family." *Michael v. Moore,* 157 N.C. 462, 465, 73 S.E. 104, 105 (1911).

[2]    The other legally cognizable claim that the complaint states against Amy Blaugh Oates is for agreeing with her husband to defraud plaintiff. While there is no recognized action for civil conspiracy in North Carolina, *Fox v. Wilson,* 85 N.C. App. 292, 365 S.E.2d 737 (1987), and this claim is couched in the language of conspiracy, our law nevertheless permits one defrauded to recover from anyone who facilitated the fraud by agreeing for it to be

accomplished. *Fox v. Wilson, supra.* The basis for liability of the agreeing facilitator is analogous to *respondeat superior, Reid v. Holden,* 242 N.C. 408, 88 S.E.2d 125 (1955), as "[t]he charge of conspiracy itself does nothing more than associate the defendants together and perhaps liberalize the rules of evidence." *Shope v. Boyer,* 268 N.C. 401, 405, 150 S.E.2d 771, 774 (1966). To prove his case against the appellee plaintiff must show: (1) that the defendants agreed to defraud him; (2) that defendant Timothy Oates committed an overt tortious act in furtherance of the agreement; and (3) that plaintiff suffered damages from that act. *Coleman v. Shirlen,* 53 N.C. App. 573, 281 S.E.2d 431 (1981). All three elements of the claim are explicitly alleged in the complaint and ways of proving them are not unknown to the law.

Thus, the order dismissing the complaint against Amy Blaugh Oates is reversed and the case remanded to the trial court for further proceedings in accordance with this opinion.

Reversed and remanded.

Judges PARKER and ORR concur.