D. H. PEELER v. A. A. PEELER et al.

*Frauds, Statute of—Husband and Wife—Evidence—Burden of Proof—Consideration.*

1. Where a conveyance from an insolvent husband to his wife is attacked for fraud, the *onus* is upon the wife to show that a consideration, in the shape of money paid, the discharge of a debt due from him to her, or something of value, actually passed.

2. When the wife has offered testimony sufficient to satisfy the jury of the existence and validity of the consideration, the burden of showing fraud in the transaction is shifted to the attacking party; and if the jury shall then be satisfied that the conveyance was made by the husband to the wife to hinder, delay or defeat his creditors, and this purpose was known to and participated in by the wife, it is their duty to find that it was fraudulent, although a valuable consideration passed.

3. A conveyance made with the intent to hinder, delay or *defeat* a creditor in the recovery of any part of his debt is an intent to *defraud* within the meaning of the statute of frauds.

4. It was in proof that the husband, when he made the alleged fraudulent conveyance to his wife, was not worth more than five hundred dollars apart from the property in controversy; that his creditor having indulged him for a long time, gave him notice that he must settle by a day named; that there was an agreement to arbitrate, pending which the conveyance was made, the debtor not reserving property sufficient to discharge the debt; *Held,* evidence proper to be submitted to the jury upon the *bona fides* of the deed.

5. Evidence that after the execution of the deed the husband and wife proposed to reconvey a portion of the land and another tract in satisfaction of the creditor's demand was incompetent.

This was a CIVIL ACTION, brought to set aside a deed made by the male defendant to his wife, for fraud, and for possession of the land conveyed by said deed, tried at the August Term, 1891, of the Superior Court of CLEVELAND County, before *Hoke, J.*

The plaintiff sold and conveyed the land in dispute to his son A. A. Peeler, and took the note of the latter for the

purchase-money.  He ultimately sued for a balance due in April, 1889, obtained judgment and soon after caused execution to be issued thereon.  At the sale under the execution the plaintiff bought, taking the Sheriff's deed, bearing date July, 1889.  Meantime the defendant A. A. Peeler, in February, 1889, executed a deed for the land·to his wife and co-defendant A. C. Peeler, the consideration being a debt which he alleged he owed her.

The material portions of the charge to which defendants excepted were as follows:

Was the deed of February, 1889, from A. A. Peeler to his wife a fraudulent deed?

The burden of the issue is on the plaintiff.  The presumption is that a transaction is honest, and when a party alleges fraud, the law puts upon him the burden of proving his allegation.

When, however, a grantor is proved to be insolvent, and has made a deed for a large part of his property to his wife, leaving himself not sufficient to pay his debts, and such wife comes in Court claiming to be a *bona fide* purchaser, the law requires the jury to look upon the transaction with suspicion, and to give the matter close scrutiny, and requires her under such circumstances to make her claims good, and to satisfy the jury, by a preponderance of the evidence, that she has paid a fair price for the land; that the consideration is not pretended but real, and if it is claimed to have been made in the payment of an honest debt, the wife must satisfy the jury that the debt was a real debt, as claimed, for the purchase-price of the land.

Now if you are satisfied, by a preponderance of the evidence, that the husband was indebted to plaintiff in a large amount— two thousand dollars and more—and that he was insolvent, and under such circumstances conveyed the property to his wife in payment of his debt to her, but with intent to hinder and delay, or defeat plaintiff in the recovery of his

debt, and the wife participated in this purpose of his, or if she knew it was being done by him to hinder or delay the plaintiff in collecting his debt, then the deed would be fraudulent, even though there was a valid consideration.

If, however, the fraudulent purpose existed on his part, and such purpose was not participated in by the wife, and not known to her, then the deed would be good. To vitiate the deed the fraudulent purpose must have existed with both the grantor and grantee—the husband and the wife—or it must have existed with the husband and been known to the wife. The notice to the wife does not mean she must know, as a matter of law, the deed was fraudulent, but did she know of the circumstances which the law says makes the deed fraudulent, if it was so, on part of the husband.

The defendant excepted to his Honor's charge in the following particulars:

1. In that his Honor charged the jury as follows : " In the case at bar you are instructed to regard this alleged purchase by his wife with suspicion, and give the matter a careful scrutiny ;" and afterwards charged the jury, if they believed the evidence that " there was a *bona fide* debt of the husband to the wife, and if such debt was given for the land, then suspicion arising from the relationship would be removed, and the question would be decided upon the first principle that he who alleges fraud should prove it."

2. That his Honor did not charge, as requested by defendant, that if the jury believed the evidence the deed alleged to be fraudulent was made in payment of such *bona fide* debt.

3. That his Honor did not charge that if the jury believed that there was a previous verbal agreement between the husband and wife, that the husband should convey to the wife so much of the land in controversy as would pay her debt at the price of ten dollars per acre ; that his Honor charged the jury that if the husband conveyed the property to his

wife in payment of his debt to her, but with intent to hinder or delay or defeat plaintiff in the recovery of his debt, and the wife participated in this purpose of his, or if she knew it was being done by him to hinder or delay the plaintiff in collection of his debt, then the deed would be fraudulent, and your answer to the first issue should be "Yes."

There was a verdict for plaintiff, and from the judgment thereon the defendant appealed.

*Messrs. C. W. Tillett* and *W. J. Montgomery*, for plaintiff.
*Mr. P. D. Walker*, for defendants.

AVERY, J.—after stating the case, proceeded: Where an insolvent husband has conveyed land to his wife, and a pre-existing creditor brings an action to impeach the deed for fraud, the *onus* is upon her to show that a consideration actually passed in the shape of money paid, something of value delivered, or the discharge of a debt due from the husband to her. *Brown* v. *Mitchell*, 102 N. C., 373; Bump. on F. C., pp. 6, 318; *Stephenson* v. *Felton*, 106 N. C., 120; *Osborne* v. *Wilkes*, 108 N. C., 669; *Woodruff* v. *Bowles*, 104 N. C, 213; Bigelow on Fraud, 136. To this extent she is required to assume a burden not placed upon other grantees. *Helms* v. *Green*, 105 N. C., 257.

When she offers testimony sufficient to satisfy the jury of the existence, validity and discharge of such previous debt by the conveyance, or shows in some other way that the deed was founded upon a valuable consideration, the burden shifts again and rests upon the plaintiff to show to the satisfaction of the jury the fraud which he has alleged as the ground of the relief demanded. *Brown* v. *Mitchell, supra; McLeod* v. *Bullard*, 84 N. C., 515.

But if, after turning the laboring oar over to the creditor, the jury are satisfied, upon a review of the testimony, that the husband executed the deed to her to hinder, delay or defeat

a creditor in the collection of his debt, and that she partici-
pated in his purpose, or knew of his intent at the time,
though the consideration may have been a valid pre-exist-
ing debt due to her, it is their duty to find that the convey-
ance was made to defraud creditors.

In the last clause of the statute (*The Code*, § 1545, 13 Eliz.,
ch. 5, § 2) it is provided that as against a person whose debt,
etc., "shall or might be in anywise disturbed, hindered,
delayed or defrauded" by the covinous and fraudulent prac-
tices previously mentioned in the same section, viz., by con-
veyances executed "to the purpose and intent to delay, hin-
der and defraud creditors," such conveyance shall be void.

Counsel contended that the charge of the Court was erro-
neous, in that the jury were told that if the husband con-
veyed the property in payment of her debt, but with intent
"to hinder, delay or *defeat* plaintiff in the recovery of his
debt, and the wife participated in the purpose or knew it was
being done by him to *hinder* or *delay* the plaintiff in the col-
lection of his debt," they would answer the first issue "Yes,"
and that they were not instructed in lieu of the charge given
that the burden was upon the plaintiff to show to their satis-
faction that the husband executed the deed for the purpose
of defrauding the creditor as well as hindering, delaying or
defeating the collection of his claim, and that the wife par-
ticipated in the purpose on his part to defraud. We do not
think that it was essential to follow the statute in the use of
the word "defraud" and to couple it by the conjunctive with
"hinder and delay," if the language used was not such as to
lead to misinterpretation of the statute by the jury. In
*Helms* v. *Green*, 105 N. C., 262, it was held that where one
conveyed his land in order to evade the payment of any
judgment that might be recovered in an action for slander,
then pending against him, the deed was fraudulent as to
existing creditors of the bargainor in the deed. Whether the
intent in the mind of the grantor be to hinder, delay or

defeat, it is a fraudulent purpose, and comes within the meaning of the statute, which was evidently intended to make any covinous alienation of one's property of any kind, either to defeat the recovery entirely and thereby defraud the creditor of his whole debt, or to embarrass him by hindrances and delays, such as would drive him to litigation or give him other serious trouble in the recovery of what is due him. Indeed, the language of the statute is fairly susceptible of the construction that the conveyances, etc., described are to be deemed void as against creditors, not only when they are executed with intent to hinder or delay, but also when executed to defraud them by preventing the recovery of any part of the debt. If the husband had declared his purpose to be to embarrass and hinder the plaintiff in realizing his debt in order to induce him reluctantly to accept by way of compromise one-half of the debt in lieu of the whole, his purpose would have been manifestly fraudulent. If he could have accomplished this end, he would unquestionably have succeeded in perpetrating a fraud, but the fraud would have consisted in the intentional delay and hindrance, by which the creditor was induced to enter into an agreement favorable to the debtor's interests. A deed executed for the purpose of defeating the recovery of a just debt, due from the grantor, is a species of fraudulent conveyance. It is defined with sufficient accuracy by this description without expressing more specifically the idea that there must exist in the mind of the maker of the instrument, at the time of its execution, an intent to defraud.

Where a husband's conveyance to his wife is executed with a fraudulent intent, and the wife, with a knowledge of his purpose, accepts the benefit of the act and claims under it, she puts herself beyond the pale of the protection offered to innocent purchasers by the statute (*The Code*, § 1548; §.6, ch. 5, 13 Eliz.). The law recognizes no disability on the part of married women which gives them the fruits of a

fraud on the ground they are not, like persons *sui juris* in all respects, affected by actual notice of its perpetration. The instruction upon this point is substantially the same as that given in *Brown* v. *Mitchell*, 102 N. C., 364, and in *Woodruff* v. *Bowles*, 104 N. C., 210, that even where the wife pays a fair consideration for property conveyed to her by her husband, the conveyance is fraudulent in law, if at the time of its execution the wife knew that the husband's purpose was to put the property beyond the reach of a creditor and thereby defraud him.

The fact that the wife appeared to be the purchaser from the husband when he owed another debt to the plaintiff, for the payment of which he had made no provision, still threw such suspicion on the transaction as to call for close scrutiny, as would evidence of any other badge of fraud, notwithstanding the husband and wife may have come upon the witness stand, offered their explanation of it, and thereby removed the presumption that would have arisen from the suppression of evidence within their peculiar knowledge. *Helms* v. *Green*, 105 N. C, 251.

The defendants did not abandon, though they did not argue, the point raised by the second assignment of error. That there was testimony which threw suspicion upon the transaction and warranted the jury in finding that it was fraudulent, is manifest from a glance at the evidence sent up. The male defendant was not worth more than five hundred dollars apart from his interest in the land in controversy. His father, after indulging him for years as to the payment of the purchase-money, and permitting him to renew the original by substituting a number of notes falling due in successive years, notified the son in February, 1889, that payment must be made of the notes due, whereupon there was an agreement to arbitrate. But before the day appointed for a settlement in this way, the male defendant conveyed to his wife, without reserving property available

and sufficient, according to the evidence, to discharge the debt to the plaintiff. This testimony, without going further, was sufficient evidence of fraud to be submitted to the jury. His Honor left the question whether the transaction was explained by the defendants, and shown to be a sale by the husband to the wife for a valuable consideration, to the jury with a full, fair, able and explicit statement of the law bearing upon the evidence. It would have been error to charge the jury that, upon the whole evidence, the issue should be found for the defendants, and they had no right to demand that the Court should tell the jury, if they believed the testimony of the defendants, or either of them, the transaction was not fraudulent. The instruction was such as to give the defendants the full benefit of any explanation they had made, and they had no right to insist upon additional instruction, or prescribe the terms in which it should be expressed.

When the *feme* defendant was being examined as a witness in her own behalf, her counsel proposed to prove by her that after her husband executed the deed to her they proposed to convey to the plaintiff, by way of compromise, forty acres of the land in dispute and fifty acres owned by the husband in his own right, in satisfaction of his debt. On objection, the testimony was held to be irrelevant and inadmissible. This ruling was unquestionably correct. *Sutton* v. *Robeson*, 9 Ired., 380; 1 Greenleaf, § 192.

After careful scrutiny of the evidence and a consideration of all the exceptions, we think there was no error in the rulings of the Court complained of.

Affirmed.