P. W. GARLAND, Trustee v. LUTHER C. ARROWOOD.

(Filed 29 April, 1919.)

1. **Fraudulent Conveyances—Gifts—Debtor and Creditor—Statutes—Pleadings—Evidence—Trials.**

> Upon the issue as to whether a bankrupt had, at the time of making a gift, retained property fully sufficient and available for the satisfaction of his then creditors (Revisal, sec. 962), allegations in his answer and his evidence, in attempting to show that he had done so, to the effect that "he owed little or nothing more than he had property to pay," is insufficient for the judge to reverse a negative finding of the jury and answer the issue in the affirmative, it being for the jury to thereon find as to the debtor's solvency or insolvency at the time of making the gift.

2. **Same—Intent.**

> It is the determination by the jury of the fact of whether the donor had retained property amply sufficient to pay his creditors at the time of his making the gift, within the intent and meaning of the statute, Revisal, sec. 962, which determines the validity of the transaction, and the question of his intent to defraud has no significance.

3. **Same—Issues.**

> As to whether the issue in this case, upon the question of the donor's having retained sufficient property to pay his debts at the time of the gift, was properly drawn in accordance with our statute, Revisal, sec. 962, quere? It is undisturbed upon the partial new trial awarded, leaving its proper form to the counsel and the court, under proper instructions. For the rights of existing and subsequent creditors, *Aman v. Walker*, 165 N. C., 224, cited and approved.

ACTION tried before *Harding, J.,* and a jury, at September Term, 1918, of GASTON.

The action was brought by plaintiff, as trustee in bankruptcy of Luther C. Arrowood, to subject certain land to the charge of money alleged to have been wrongfully invested by the bankrupt in building a barn and dwelling-house and in making other improvements thereon with the consent of the owner, William C. Arrowood, in fraud of the creditors of the bankrupt. The case was before this Court at Fall Term, 1916 (172 N. C., 591), upon the plea of the statute of limitations, and again at Fall Term, 1917, upon the competency of evidence, which was admitted by the court at the trial in April, 1917, to the effect that defendant, the donor of the money, had acquired lands of considerable value in 1917, eleven years after the transaction in 1906. This was admitted to show his solvency in the latter year. A new trial was awarded by this Court in each of the said appeals for error in the rulings of the lower court upon the questions above stated. The case was again tried at the last September Term of Gaston Superior Court, when the verdict was in favor of the plaintiff, as it had been in former trials.

With this brief preliminary statement and explanation of the facts, the full nature of the case will appear from the issues and verdict, which are as follows:

1. Did the defendant, Luther C. Arrowood, invest his individual funds in improvements on the lands of William Arrowood, known as the "Home Place," as alleged in the complaint? Answer: "Yes" (by consent).

2. Was the said Luther C. Arrowood insolvent at the time of making said improvements? Answer: "No."

3. What amount of such individual funds did he so invest? Answer: "Fourteen hundred dollars."

5. Was the defendant, Luther C. Arrowood, at the time of making said investments on the land of William Arrowood indebted to William Arrowood in an amount equal to the value of such investments? Answer: "No."

6. If such investment was made by the defendant, Luther C. Arrowood, out of his individual funds on said lands of William Arrowood, was it done with the intent to hinder, delay and defraud the existing creditors of the defendant? Answer: "No."

7. Are there any debts owing by the defendant which existed at the time said investments, if any, were made by him upon the lands of William Arrowood, now enforceable against him at the date of this trial? Answer: "Yes."

8. If the defendant made any improvements out of his individual funds on the lands of William Arrowood, did he do so with the intent to hinder, delay or defraud any of his creditors in the collection of debts contracted subsequent to the date of such investments? Answer: "No."

9. Did the defendant procure the said William Arrowood to change the devise of the home place to the defendant's wife for life? Answer: "No."

10. If so, was this done with the intent to hinder or delay the creditors of Luther C. Arrowood? Answer: "No."

11. Was the tract of land described in the deed from Chalmers Arrowood to Luther C. Arrowood introduced by the defendant as "Exhibit 7" the same tract of land devised to Chalmers Arrowood in the former will of William Arrowood? Answer: "Yes" (by consent).

12. Was this tract of land a part of the home place mentioned in the last will of William Arrowood and therein devised to Luther C. Arrowood subject to the life estate of his wife? Answer: "Yes" (by consent).

13. Was said tract of land so devised at the instance of and by the procurement of Luther C. Arrowood? Answer: "No."

14. Is the plaintiff's cause of action barred by the statute of limitation? Answer: "No."

15. Did L. C. Arrowood enter into possession of said Chalmers Arrowood tract under the devise of William Arrowood as alleged? Answer: "No."

16. At the time of the improvement and betterment of the land of William Arrowood by Luther C. Arrowood, was there a contract, agreement, and understanding subsisting between Luther C. Arrowood and William Arrowood by which the lands of William Arrowood, known as the "Home Place," were to be devised to Luther C. Arrowood in consideration of Luther C. Arrowood's improving the lands and giving to William Arrowood the use and benefit of such improvements and betterments during his life and otherwise supporting and maintaining said William Arrowood during his life? Answer: "No."

The court set aside the verdict as to the second issue and answered the issue "Yes," and the defendant excepted. Judgment was entered for the plaintiff upon the amended verdict, and defendant again excepted and appealed.

*Mangum & Woltz, S. J. Durham and Tillett & Guthrie for plaintiff.
F. I. Osborne, Carpenter & Carpenter and A. C. Jones for defendant.*

WALKER, J., after stating the case: The court erred, not in setting aside the verdict as to the second issue, but in answering the issue itself, and thereby reversing the jury's finding. The plaintiff contended that the second issue is immaterial, as the defendant in the sixth section of his answer admitted his insolvency at the time the improvements were made on his father's premises. Saying that "he owed little or nothing more than he has property to pay" was not definite enough for a judicial admission that he was insolvent. If he owed nothing more than he had property with which to satisfy all claims against him, he might well be solvent within the meaning of our statute as to fraudulent conveyances, which declares that no voluntary gift or settlement of property by one indebted shall be deemed or taken to be void in law, as to creditors of the donor or settlor, prior to such gift or settlement, by reason merely of such indebtedness, if property, at the time of making such gift or settlement, fully sufficient and available for the satisfaction of his then creditors, be retained by such donor or settlor. All things considered, the jury may have found, upon this statement in his answer, that the property retained by the defendant, Luther C. Arrowood, was "fully sufficient and available" to pay his then existing debts. We exclude from our consideration the other half of the statute (Revisal, sec. 962), concerning the effect of indebtedness, as evidence

of fraud, with respect to prior and subsequent creditors, as it appears to be immaterial for the purpose of deciding this appeal. It is apparent from a reading of section six (6) of the answer that the defendant was attempting, at least, to deny his insolvent condition, and to assert that he was only able to take care of his own indebtedness. Nor do we think that his testimony upon the same subject can be taken as an admission of his insolvency within the meaning and definition of that word by the statute. It is not a judicial admission, but merely evidence, which, coming from a party whose interest will be adversely affected by it, may more readily convince the jury that the fact to which he testified exists, but it is not decisive, as a judicial admission would be, within the principle that what is admitted need not be proved. *Tredwell v. Graham,* 88 N. C., 208. A calculation made from his own figures or estimate of what he was worth at the time the money was expended for making the improvements, however strong as proof, was not so conclusive as to withdraw the question from the jury. Taking all the testimony in the case together, including, of course, that of Luther C. Arrowood, which is now claimed to contain an admission of insolvency, we are of the opinion that it should have been submitted to the jury to find the fact of solvency or insolvency, and that the judge erred in deciding that question himself and answering the issue without the intervention of the jury.

The other issues involved substantially mere questions of fact, and there was evidence to support the verdict.

Some of the issues were answered by consent, and most, if not all, of the remaining ones were answered favorably to the appellant. The case, therefore, practically turned upon the answer to the second issue. The motion for a nonsuit was properly overruled. The same motion was before the Court in the former appeals, and was denied, as the Court granted a new trial in each of the two appeals, which could not have been done unless the nonsuit had been disallowed. This decision, too, was right, as there was evidence to sustain the cause of action.

The jury have found that there was no actual intent to defraud or, in other words, no *mala mens,* but if the defendant, the donor of the gift, failed to retain property fully sufficient and available for the satisfaction of his then creditors, the gift was void in law, without regard to the intent with which it was made. *Black v. Saunders,* 46 N. C., 67; *Aman v. Walker,* 165 N. C., 224; *Michael v. Moore,* 157 N. C., 462. The burden of at least going forward with proof of such retention of property is upon the defendant, where, as found in this case by the jury, there is a voluntary gift or settlement. *Brown v. Mitchell,* 102 N. C., 347, 369; *Tredwell v. Graham,* 88 N. C., 208; *Cook v. Guirkin,* 119 N. C., 13; *Aman v. Walker, supra.*

It may be that the second issue should be framed more in accordance with the language of the statute in regard to voluntary gifts (Revisal of 1905, sec. 962), but we leave this to counsel and the court, as in its present form the issue may answer all practical purposes with proper instructions from the judge.

We have considered, and decided so far, only those questions which are directly involved in this appeal, confining ourselves strictly to them. The rights of existing and subsequent creditors when there is a voluntary gift or settlement voidable under the statute, are fully discussed and set forth in *Aman v. Walker, supra,* and we content ourselves with merely referring to that case where the subject is so clearly and accurately treated.

Our conclusion is that there was error, and that there should be a new trial, which, though, must be restricted to the second issue only, and the other issues will stand as now answered. This opinion will be certified with instructions to proceed in accordance therewith.

New trial as to second issue.