B. H. SILLS v. J. H. MORGAN AND WIFE, FLORA MORGAN.

(Filed 8 June, 1940.)

1. **Fraudulent Conveyances § 9: Pleadings § 28—Plaintiff is not entitled to judgment on pleadings when essential facts are denied.**

   In an action to set aside a deed as being fraudulent to plaintiff creditor, plaintiff is not entitled to judgment on the pleadings, even though it is admitted that the deed recited a consideration of $10.00 and that at the time of its execution the grantor was indebted to plaintiff and did not retain property sufficient and available to pay his then existing creditors, when defendants deny the want of valuable consideration for the deed and deny actual intent on the part of the grantor with knowledge of the grantee, to defraud his creditors, and allege facts relied upon as showing the existence of valuable consideration for the deed, and as indicating the absence of fraudulent intent.

2. **Fraudulent Conveyances § 3—Evidence that deed was supported by valuable consideration held for jury.**

   This action was instituted to set aside a deed from a husband to his wife on the ground that it was fraudulent as to plaintiff creditor. It was admitted that the recited consideration for the deed was $10.00. Defendants' evidence tended to show that the deed conveyed the home place, that the wife used her own money in making improvements upon the property and that the husband executed notes to his wife therefor and promised to convey the property to her if he should be unable to pay the notes, that at the time of the conveyance the property was subject to a mortgage and that the mortgage indebtedness and the amount of the notes together represented the reasonable value of the property. *Held:* Whether the deed was executed for a valuable consideration is for the determination of the jury upon the evidence, and the refusal of plaintiff's request for a peremptory instruction on the issue was not error.

3. **Fraudulent Conveyances § 5—Fraudulent intent may not ordinarily be inferred as a matter of law.**

   In this action to set aside a deed from a husband to his wife on the ground that it was fraudulent as to plaintiff creditor, defendants' evidence tended to show that the property was conveyed on the date plaintiff obtained judgment against the husband, but that the consideration for the deed was notes which had been executed by the husband to the wife for her own money which had been used in making improvements upon the property, and that they had agreed that if the husband should be unable to pay the notes he would convey the property to her in satisfaction thereof, and that they regarded the notes "just as good as a mortgage."

*Held:* The question of fraudulent intent was properly submitted to the jury, and the denial of plaintiff's request for a peremptory instruction on the issue was not error.

**4. Fraudulent Conveyances § 4—**

Where it is established that the deed in question was executed for a valuable consideration and that it was not executed with intent to delay, hinder and defraud creditors, the question of the knowledge and intent of the grantee is immaterial.

APPEAL by plaintiff from *Olive, Special. Judge,* at September Term, 1939, of STANLY.

Civil action to set aside deed allegedly executed in fraud of creditors.

These issues were submitted to and answered by the jury as indicated:

"1. Did the defendant J. H. Morgan, on the 11th day of April, 1938, execute to Mrs. Flora Morgan a deed conveying the real property described in the complaint? Answer: 'Yes' (by consent).

"2. If so, in what amount, if any, was the defendant J. H. Morgan indebted to the plaintiff at the time of the execution of said deed? Answer: '$500' (by consent).

"3. Did the defendant J. H. Morgan, at the time of executing said deed, retain property in his own name fully sufficient and available to pay his then existing creditors? Answer: 'No' (by consent).

"4. Was the deed from J. H. Morgan to Mrs. Flora Morgan, dated April 11, 1938, executed for a valuable consideration? Answer: 'Yes.'

"5. Did the defendant J. H. Morgan execute said deed with intent to delay, hinder, or defraud his creditors, as alleged in the complaint? Answer: 'No.'

"6. If said conveyance was upon a valuable consideration and made with intent, upon the part of J. H. Morgan, to defraud his creditors, did the defendant Flora Morgan have notice of such fraudulent intent and participate therein? Answer: ................."

From judgment on verdict for defendants plaintiff appeals to Supreme Court and assigns error.

*James L. DeLaney, I. R. Burleson, and L. L. Moffitt for plaintiff, appellant.*

*Brown & Mauney for defendants, appellees.*

WINBORNE, J. The only assignments brought forward and discussed in appellant's brief are those challenging the rulings of the court below in refusing (1) to grant motion of plaintiff for judgment on the pleadings, and (2) to give peremptory instructions to the jury to answer the fourth issue "No," the fifth issue "Yes," and the sixth issue "Yes." After consideration of the pleadings and evidence offered we find no cause to disturb these rulings.

(1) As to the first point, while it is not controverted that when on 11 April, 1938, defendant J. H. Morgan executed the deed in question to his wife, defendant Flora Morgan, for the recited consideration of ten dollars, he was indebted to plaintiff in the sum of $500 and did not retain property sufficient and available to pay his then existing creditors, other material issues of fact are raised by the pleadings.

The complaint alleges that the deed was executed the same day on which plaintiff obtained judgment on said indebtedness; that the deed was voluntary and executed by J. H. Morgan "for the intent and purpose of hindering and defrauding the plaintiff and avoiding the payment of said judgment, which, Mrs. Flora Morgan well knew of her own knowledge."

The answer of defendants denies these allegations of the complaint, and further avers substantially these facts: That on 11 April, 1938, the date of and on which the deed in question was acknowledged, J. H. Morgan was justly and honestly indebted to his wife, Flora Morgan, for money borrowed in the principal amount of $2,342.00, $650.00 of which was borrowed in 1919, and $1,692.00 about November, 1927, represented by notes from J. H. Morgan payable to Flora Morgan, and used in part in completing the home, digging a well and otherwise improving the premises in question; that at the time the $1,692.00 was loaned it was definitely agreed that the money should be used as above stated and that unless J. H. Morgan could and did repay this and the $650.00 borrowed previously "within a short time" he would convey the home place, that is, the land in question, to Flora Morgan for the amount of the loans; that nothing was ever paid thereon "except a little interest"; that pursuant to this agreement and "for the valuable consideration in the sum of $2,342.00, together with such interest as was due upon said indebtedness, the defendant J. H. Morgan, executed and delivered to Flora Morgan deed conveying" said land; that the consideration constituted the reasonable value of the land, especially in view of the fact that at the time it was encumbered by a registered mortgage to Luther Bowers as security for a note in the sum of $650.00 and interest; that the deed was executed in payment of said preëxisting indebtedness and not with the intent to delay, hinder or defraud the plaintiff or any other person whomsoever, but "in absolute good faith for a valid and valuable consideration, and . . . for a price considerably in excess of the then market value of the land" conveyed thereby.

Plaintiff's right to recover on the pleadings is dependent upon sustaining his allegation that defendant J. H. Morgan conveyed the land to his wife voluntarily, or, if in payment of indebtedness to her, with an actual intent on his part, known to her, to defraud his creditors. *Parker v. Fenwick,* 147 N. C., 525, 61 S. E., 378.

---

---

Defendants having denied these allegations, the fourth, fifth and sixth issues arise for submission to the jury.

(2) Regarding the requests of plaintiff for peremptory instructions: (a) As to the fourth issue, the evidence is conflicting. Plaintiff on the one hand points to the admission that the deed recites a consideration of ten dollars, and offered evidence tending to show that the market value of the land at the time of the deed was $3,000. On the other hand, defendants offered evidence tending to show that defendant J. H. Morgan borrowed $2,342 from his wife, Flora Morgan, as alleged in their answer for which he gave to her his notes; that the money was her property, $650 of it being savings from the sale of cabbage, chickens, eggs and pigs, and $1,692 being the proceeds of the sale of timber from a tract of land inherited by her from her father, and allotted to her in the division of the estate; that the money was loaned to J. H. Morgan to be used and was used by him for the purposes alleged and with the agreement alleged; that at the time the deed was made the whole of the amount borrowed, with accumulated interest, was honestly due and unpaid, and the mortgage encumbrance thereon due Luther Bowers was outstanding; that the market value of the land was from $1,800 to $2,000; and that the deed was made and the notes surrendered pursuant to the agreement.

(b) As to the fifth issue, "Did the defendant J. H. Morgan execute said deed with intent to delay, hinder and defraud his creditors, as alleged in the complaint?" the defendant J. H. Morgan testified in part: ". . . I told my wife . . . if things got too hard and I could not pay it back I would just make her a deed to the place and it went on . . . I made that deed to my wife because I positively owed her her money." Then on cross-examination he stated that he had a lawyer to draw it up and that it was made the day before the case was tried in Montgomery County. Concluding, he said, "I think a note just as good as a mortgage in a case like ours, because I told her in case I could not pay it I would deed it to her, and I did. I don't know about the suing business; it was right after he left home and he told me he would pay his part if I would pay mine. I was referring to Mr. Sills in my last answer. We had a little friendly wreck . . . the same wreck they have this judgment about."

Mrs. Flora Morgan testified that J. H. Morgan gave her notes for the loans; that she kept them until he deeded the land to her; that he told her if he did not pay the notes he would deed the land to her. On cross-examination she stated: "I thought a note was just as good as a mortgage. . . . I knew he was sued over in Montgomery, and when the case was to be tried, and I thought mine came first. He kept putting it off and I asked him to make it over, but not especially because of this suit in Montgomery County. . . . I was not at the trial. . . .

I was sick at the time, but I knew my husband and daughters were there." The two daughters testified in corroboration of their parents, and stated they were present when the deed was made and saw the mother give the notes to their father.

We think this evidence requires the submission of the issue to the jury. "Since intent is an operation of mind it should be proven and found as a fact, and is rarely to be inferred as a matter of law." *Mfg. Co. v. Building Co.,* 177 N. C., 103, 97 S. E., 718; *Mfg. Co. v. Lefkowitz,* 204 N. C., 449, 168 S. E., 517.

(c) The jury having found in response to the fourth issue that the deed was for a valuable consideration, and that it was not executed by J. H. Morgan with intent to delay, hinder and defraud his creditors, as alleged in the complaint, the answer to the sixth issue is immaterial.

All other exceptions are deemed abandoned. Rule 28 of Rules of Practice in Supreme Court, 200 N. C., 811.

In the judgment below we find

No error.