JAMES S. MURPHY AND G. GORDON HACKER v. BARNETT M. HOVIS AND WIFE, MARIE LENA HOVIS, AND BARBARA HOVIS.

(Filed 13 October, 1965.)

**Fraudulent Conveyances § 3—**

> Where there is no evidence that the grantee accepted the deed with intent to delay, hinder or defraud creditors of the grantor, nonsuit is properly entered, notwithstanding evidence that the consideration for the deed was less than the reasonable market value of the land and that the grantor executed the deed with intent to delay, hinder or defraud creditors.

APPEAL by plaintiffs from *Farthing, J.,* May 1965 Session of LINCOLN.

Action by plaintiffs, judgment creditors of Barbara Hovis, to set aside a deed dated March 28, 1963, from Barbara Hovis to Barnett M. Hovis and wife, Marie Lena Hovis, conveying described lands in Lincoln County, North Carolina, on the ground said conveyance was voluntary, without consideration and made with intent to delay, hinder and defraud plaintiffs.

The agreed case on appeal and the documentary evidence disclose the following facts: On July 1, 1963, in the Superior Court of Gaston County, North Carolina, plaintiffs obtained a judgment by default against Barbara Hovis for $5,000.00 plus interest and costs. On December 16, 1963, plaintiffs caused execution to be issued on said judgment to the Sheriff of Lincoln County. The execution was returned by

said Sheriff with the notation: "After a careful check. we find that Barbara Hovis has no property in Lincoln County."

Plaintiffs offered evidence tending to show no payment had been made on their said judgment against Barbara Hovis.

Plaintiffs offered in evidence the record of the deed they attack, to wit, the deed of March 28, 1963. This deed recites it is made "in consideration of ONE HUNDRED ($100.00) DOLLARS and other valuables to her paid by PARTIES OF THE SECOND PART." It also provides it is made subject "to a Deed of Trust executed by BARBARA Hovis, Unmarried, to Sheldon M. Roper, Trustee, for the First Federal Savings and Loan Association of Lincolnton, Dated, 13th January, 1961, . . . securing $5,000.00 which the PARTIES OF THE SECOND PART assumes *(sic)* and agrees *(sic)* to pay off as the same comes due." Plaintiffs also offered in evidence the record of said deed of trust to Sheldon M. Roper, Trustee, securing an indebtedness of $5,000.00 of Barbara Hovis to the First Federal Savings and Loan Association of Lincolnton, N. C.

Plaintiff James S. Murphy was permitted to testify that in his opinion the subject land on March 28, 1963 "was worth in excess of $10,000.00."

At the conclusion of plaintiffs' evidence, the court, upon defendants' motions, entered judgment of involuntary nonsuit. Plaintiffs excepted and appealed.

*Childers & Fowler for plaintiff appellants.*
*Don M. Pendleton and Sheldon M. Roper for defendant appellees.*

PER CURIAM. In *Aman v. Walker,* 165 N.C. 224, 81 S.E. 162, it is stated: "If the conveyance is upon a valuable consideration *and made with the actual intent to defraud creditors upon the part of the grantor alone, not participated in by the grantee* and of which intent he had no notice, it is valid." See *Bunn v. Harris,* 216 N.C. 366, 5 S.E. 2d 149.

Whether adequate or inadequate, the evidence discloses the consideration for said deed was "a valuable consideration."

Conceding, without deciding, that the evidence, when considered in the light most favorable to plaintiffs, was sufficient to show a consideration substantially less than the reasonable market value of the subject lands as of March 28, 1963, and that Barbara Hovis executed and delivered the deed with intent to delay, hinder and defraud plaintiffs, her lawful creditors, the record discloses no evidence tending to show Barnett M. Hovis or Marie Lena Hovis accepted said deed with intent to delay, hinder and defraud plaintiffs. Indeed, the record contains no evidence that they or either of them had any knowledge or

notice of the judgment plaintiffs had obtained in Gaston County or of other obligations, if any, of Barbara Hovis. Hence, on the ground indicated, the judgment of nonsuit must be and is affirmed.

Affirmed.