L. R. EVERETT, R. H. EVERETT, R. F. EVERETT, D. G. MATTHEWS, JR., AND D. G. MATTHEWS, SR., T/A SLADE, RHODES COMPANY, PLAINTIFFS, v. LENA GAINER, BOSTON GAINER, OLLIE GAINER AND JOE HENRY GAINER, ORIGINAL DEFENDANTS; KATIE LEE GAINER, BEATRICE H. GAINER AND LENORA GAINER, ADDITIONAL DEFENDANTS.

(Filed 1 March, 1967.)

**1. Fraudulent Conveyances § 1—**

A voluntary conveyance executed by a grantor who fails to retain property sufficient to pay his then existing debts may be set aside by a prior creditor, regardless of the intent of the grantee.

**2. Same—**

If a deed is executed by a grantor who fails to retain assets to pay his then existing debts and the consideration for the deed is grossly inadequate, the transfer is fraudulent as to a prior creditor of the grantor without a showing of actual fraud on the part of the grantee, and the fact that the grantees are sons of the grantor is pertinent to be considered with other facts and circumstances on the question of implied knowledge.

**3. Same; Deeds § 8—**

The recital of consideration in a deed is contractual and the actual consideration may be shown by parol evidence, but a recital of "other good and valuable consideration" in addition to the cash consideration recited therein adds nothing to the recital of the cash consideration in the absence of evidence by the grantor as to the nature and character of the other consideration, and the burden is on the parties resisting a creditor's action to set aside the deed as fraudulent to prove the nature and value, if any, of such other consideration.

**4. Same—**

Evidence of the lack or amount of internal revenue stamps on a deed is some evidence of the amount of consideration actually paid for the conveyance.

**5. Fraudulent Conveyances § 3—**

Evidence tending to show that the grantor executed a deed to her sons for "$100 and other valuable consideration," that the deed had no revenue stamps affixed thereto, that at the time of the execution of the deed the grantor failed to retain assets sufficient to pay her then existing debts, and that the property had a value of some $5000, *is held* sufficient to overrule nonsuit in an action by a prior creditor to set aside the deed as fraudulent.

APPEAL by plaintiffs from *Hubbard, J.,* November 1966 Session of MARTIN.

Civil action to set aside deed as being a fraudulent conveyance.

Plaintiffs offered evidence substantially as follows:

Defendant Lena Gainer and her son, Leo, ran a joint account with plaintiffs for a number of years prior to 1964. Leo Gainer

operated a farm for his mother and purchased farm supplies from plaintiffs, but payments were always made by checks signed by defendant Lena Gainer. Leo died in October 1963. Around March 1964 Lena Gainer was indebted to plaintiffs in the amount of $5,295.72. Subsequently, the estate of Leo Gainer paid a portion of this amount, leaving a balance due of $3,899.13. At the May 1966 Session of Martin Superior Court plaintiffs obtained a judgment against Lena Gainer for the amount of $3,899.13. Execution was issued thereon and returned unsatisfied.

Plaintiffs introduced in evidence a warranty deed from Lena Gainer, dated 2 March 1964, which conveyed a certain tract of land in Martin County, containing 20 acres more or less, to her three sons, Boston Gainer, Ollie Gainer, and Joe Henry Gainer, defendants in this action. The recital of consideration in the deed was "$100 and other valuable consideration." The deed shows no internal revenue stamps. Evidence was offered that said land as of 2 March 1964 had a fair market value of $5,000 to $5,500. It was stipulated by the parties that Lena Gainer owned no other property at the time of the conveyance.

One of the plaintiffs testified that on several occasions in 1963 he talked with Lena Gainer concerning payment of the account.

At the close of plaintiffs' evidence the court, upon motion of defendants, entered judgment of nonsuit. Plaintiffs appealed.

*Edgar J. Gurganus for plaintiffs.*
*R. L. Coburn for defendants.*

BRANCH, J. The sole question presented for decision is: Did the court below err in entering judgment of nonsuit at the close of plaintiffs' evidence?

In the case of *Aman v. Walker,* 165 N.C. 224, 81 S.E. 162, Justice Allen states the principles relating to fraudulent conveyances, two of the pertinent principles being as follows:

"(2) If the conveyance is voluntary, and the grantor did not retain property fully sufficient and available to pay his debts then existing, it is invalid as to creditors; but it cannot be impeached by subsequent creditors without proof of the existence of a debt at the time of its execution, which is unpaid, and when this is established and the conveyance avoided, subsequent creditors are let in and the property is subjected to the payment of creditors generally."

"(5) If the conveyance is upon a valuable consideration, but made with the actual intent to defraud creditors on the part

of the *grantor,* participated in by the *grantee,* or of which he has notice, it is void."

This case was approved by the Court in *Garland v. Arrowood,* 177 N.C. 371, 99 S.E. 100, the Court stating:

"The jury have found that there was no actual intent to defraud or, in other words, *no mala mens,* but if the defendant, the donor of the gift, failed to retain property fully sufficient and available for the satisfaction of his then creditors, the gift was void in law, without regard to the intent with which it was made."

It was stipulated that defendant had "no other property" when the conveyance was made to her children. It would therefore logically follow that she failed to retain sufficient property to satisfy creditors. However, if the deed from Lena Gainer to her sons had been delivered for a fair price or for value, the sale would not be necessarily void as to creditors, even though she did not retain sufficient property to satisfy creditors. But if the grantor transferred all of her remaining property to her sons for a grossly inadequate consideration, the transfer is fraudulent as to a creditor of the grantor, and a creditor may set aside the conveyance without showing actual fraud. *Everett v. Mortgage Co.,* 214 N.C. 778, 1 S.E. 2d 109. The only evidence before us as to consideration is a recital in the deed of "$100 and other valuable consideration," and such inferences as may arise from the fact that no revenue stamps are affixed to the deed. "The consideration named in a deed is presumed to be correct. . . . Not being contractual it may be inquired into by parol evidence and shown to have been otherwise than as recited in the deed." *Gadsden v. Johnson,* 261 N.C. 743, 136 S.E. 2d 74.

In the case of *Sills v. Morgan,* 217 N.C. 662, 9 S.E. 2d 518, the evidence showed that plaintiff had recovered a judgment against the defendant husband on or about the same date the husband conveyed real property to his wife by deed which recited a consideration of $10. The defendant husband was indebted to plaintiff in the amount of $500 and had not retained sufficient property to satisfy his then existing debts. The court held that the question of whether the deed was executed for a valuable consideration should be submitted to the jury.

In the case of *McCanless v. Flinchum,* 89 N.C. 373, this Court recognized that the relationship between grantor and grantee, along with other facts and circumstances, is pertinent in cases involving fraudulent conveyances, and stated:

"When a father is unable to pay his debts and sells his land or other property to his son for less than its reasonable value, and this appears, the presumption is that the sale is fraudulent as to creditors; but this presumption may be disproved, and whether the sale is fraudulent or not is a question for the jury. In such a case the relationship between the parties is evidence, and generally strong evidence, of a fraudulent motive and intent. And when the law raises such a presumption, the jury, under instructions from the court, must find the fraudulent intent, unless the presumption is rebutted by proof satisfactory to them. . . . There is no reason why a father, unable to pay his debts, may not sell his property to his son, and the only difference between such a sale and one to a stranger is, that the close relationship between the father and son, if the *bona fides* of the sale shall be questioned, is a circumstance of suspicion, and evidence tending to show a fraudulent intent.

"A voluntary deed of land or other property made to a son by a father unable to pay his debts, is void *per se* as to creditors. . . ."

The Court again considered this principle of law in *Bank v. Lewis*, 201 N.C. 148, 159 S.E. 312, where the husband executed a deed to his wife for the express consideration of one dollar and love. The trial court submitted, *inter alia*, this issue: "Did the defendant, John T. Lewis, execute the deed of 25 October 1926, to his wife, Madge M. Lewis, with the purpose and intent to cheat and defraud and to hinder or delay his creditors in the collection of their debts?" In connection with this issue the court charged:

"Now, the deed in question, the court charges you, is a voluntary deed made by a husband to his wife for the express consideration of one dollar and love. . . . (Now, the deed as I say is a voluntary deed, made upon a good consideration, but not a valuable consideration, and if Lewis retained property enough at the time of the conveyance and delivery of that deed to pay all of his then existing debts, taking into consideration that he was one of the four signers of this guaranty and the condition of the Tri-State Fruit Company at that time, I say if you find that he did have sufficient to pay all of his then existing debts under those circumstances, then it would be your duty to answer the third issue 'No.')"

The plaintiffs excepted to the portion of the charge quoted in parentheses above. In passing on this assignment of error, this Court stated: "We see no merit in the above exception and assignment of

error, treating the deed as a voluntary conveyance between hus-
band and wife, although the evidence of Madge M. Lewis (the wife)
was competent to show a valuable consideration. Plaintiffs have no
cause to complain of this charge." In this connection the Court
quoted with approval the following:

> "In *Faust v. Faust*, 144 N.C., at p. 387, is the following:
> ' "It was formerly held, although there was much conflict of
> opinion, that the clause stating the consideration in a deed or
> other instrument under seal must be held conclusive on the
> parties like other parts of the instruments and was not open to
> contradiction or explanation, but the more modern decisions
> settle the rule that although the consideration expressed in a
> sealed instrument is *prima facie* the sum paid, or to be paid,
> it may still be shown by the parties that the real consideration
> is different from that expressed in the written instrument. Ac-
> cordingly, it is held, by an uncounted multitude of authorities,
> that the true consideration of a deed of conveyance may always
> be inquired into and shown by parol evidence." . . .' "

In the case before us it is apparent that if the sole consideration
is $100, this is a grossly inadequate consideration, which would con-
stitute the conveyance voluntary. Does the addition of the words
"and other valuable consideration" make the conveyance valid as
to then existing creditors? We think not. Our research does not re-
veal a North Carolina case in point; however, in the case of *Cali-
fornia Mining Company v. Manley*, 81 P. 50, the Court, while con-
sidering a fraudulent-conveyance case, stated: "The recital of the
money consideration of $1 explains itself, but the further recital as
to 'other good and valuable considerations' means nothing, and
would be given no weight in the absence of evidence explaining the
nature and character of that consideration." There was no evidence
to contradict the recital in the deed and the burden to explain the
nature and character of the consideration is on defendants.

"Where an insolvent husband has conveyed land to his wife, and
the preexisting creditor brings an action to impeach the deed for
fraud, the *onus* is upon her to show that a consideration actually
passed in the shape of money paid, something of value delivered,
or the discharge of a debt due from the husband to her." *Peeler v.
Peeler*, 109 N.C. 628, 14 S.E. 59; *Eddleman v. Lentz*, 158 N.C. 65,
72 S.E. 1011; *Bank v. Lewis, supra*.

To support their contention that the conveyance was voluntary
appellants would show the absence of internal revenue stamps.
Whether the revenue stamps affixed to an instrument are evidence
of consideration has not been passed on in this jurisdiction.

26 U.S.C.A. § 4361 is as follows:

"There shall be imposed a tax on each deed, instrument or writing (unless deposited in escrow before April 1, 1932), whereby any lands, tenements, or other realty sold shall be granted, assigned, transferred, or otherwise conveyed to, or vested in, the purchaser or purchasers, or any other person or persons, by his, her, or their direction, when the consideration or value of the interest or property conveyed, exclusive of the value of any lien or encumbrance remaining thereof at the time of sale, exceeds $100 and does not exceed $500, in the amount of 55 cents; and at the rate of 55 cents for each additional $500 or fractional part thereof."

26 U.S.C.A. § 4383 provides:

"The tax imposed by this chapter shall be paid by any person who makes, signs, issues, or sells any of the documents and instruments subject to the taxes imposed by this chapter, or for whose use or benefit the same are made, signed, issued, or sold. The United States or any agency or instrumentality thereof shall not be liable for the tax with respect to an instrument to which it is a party, and affixing of stamps thereby shall not be deemed payment for the tax, which may be collected by assessment from any other party liable therefor."

*Ramming Real Estate Co. v. United States*, 122 F. 2d 892, was an eminent domain proceeding in which the Court allowed a witness to state the value of land based upon examination of recorded deeds where witness considered the recitals in the deed and the amount of the revenue stamps affixed. In passing upon this question the Court stated: "(W)e think the amount of revenue stamps attached to the deeds may be said to have been a reliable source of information as to the amount of the consideration paid for the property described therein."

In the case of *In re McGeehin's Will*, 235 N.Y.S. 477, 134 Misc. Rep. 334, the Court held that where there is no direct evidence respecting consideration received by grantor for the conveyance, but the deed bore U. S. internal revenue stamps of $1.50, presumption is created that grantor received approximately $5,000.

Thus, we hold that the amount of internal revenue stamps, or the absence of internal revenue stamps, is some evidence of the amount of consideration actually paid for the conveyance. In the instant case the recital in the deed of $100 and other valuable consideration considered with the absence of internal revenue stamps is evidence that the consideration was not more than $100.

Appellees cite as their sole authority the case of *Murphy v. Hovis,* 265 N.C. 448, 144 S.E. 2d 260. *Murphy* was decided on the principle stated in *Aman v. Walker, supra,* that: "If the conveyance is upon a valuable consideration and made with the actual intent to defraud creditors upon the part of the grantor alone, not participated in by grantee and of which intent he had no notice, it is valid." Factually, *Murphy v. Hovis* is different from the case at hand, in that in the *Murphy* case grantees assumed a deed of trust in the amount of $5,000. Furthermore, in the instant case it is in evidence that grantor told one of the plaintiffs in December 1963 that "Ollie had been named administrator of Leo's estate and that Ollie Gainer and Boston Gainer were looking after her (Lena Gainer) business from then on." The conveyance under attack was not made until 2 March 1964, and was made to Ollie Gainer, Boston Gainer and Joe Henry Gainer, sons of the grantor, all of whom were residents of Martin County. Thus, the inference of notice, even of intimate knowledge of the financial condition of their mother, and of her inability to make a fair and equitable transfer to them, seems unavoidable.

"We may add that a purchaser from a fraudulent vendor must have acquired the land for value and without notice. If *feme* defendant did not pay value or purchased with full knowledge of the evil intent and fraudulent purpose of the vendor in making the conveyance to her, her title fails as to his creditors." *Bank v. Pack,* 178 N.C. 388, 100 S.E. 615.

If there appears more than a scintilla of evidence in support of plaintiffs' claim, the matter becomes a question for the jury. *James v. R. R.,* 236 N.C. 290, 72 S.E. 2d 682.

Considering the relationship of parent and child existing between grantor and grantees, the stipulation that at the time of the conveyance grantor owned no other property, the recital of consideration in the deed, the absence of internal revenue stamps, the uncontradicted evidence that Lena Gainer was indebted to plaintiffs at the time of the conveyance, and the plaintiffs' evidence as to the value of the property, we hold that there was sufficient evidence to carry the case to the jury.

Reversed.